| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2582CV01159 | Massachusetts Trial Court Superior Court |
|---|---|---|

**COUNTY** Norfolk Superior Court (Dedham)

| | |
|---|---|
| **Plaintiff** Janice Allen-Brooks | **Defendant:** The Park School |
| **ADDRESS:** 76 Roanoke Road | **ADDRESS:** 171 Goddard Avenue |
| Mattapan, MA 02126 | Brookline, MA 02445 |

| | |
|---|---|
| **Plaintiff Attorney:** Colin D. Creager | **Defendant:** Scott Young, Individually and as Head of School |
| **ADDRESS:** McKenzie & Associates, P.C. | **ADDRESS:** 171 Goddard Avenue |
| 183 State Street, Suite 6 | Brookline, MA 02445 |
| Boston, MA 02109 | |
| **BBO:** 697526 | |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Employment Discrimination | F | ☒ YES ☐ NO |

*If "Other" please describe: _____

Is there a claim under G.L. c. 93A?  ☐ YES  ☒ NO          Is there a class action under Mass. R. Civ. P. 23?  ☐ YES  ☒ NO

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

A. Documented medical expenses to date
  1. Total hospital expenses
  2. Total doctor expenses
  3. Total chiropractic expenses
  4. Total physical therapy expenses
  5. Total other expenses (describe below)

Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below)

Plaintiff's damages are currently unliquidated.

TOTAL (A-F): $0.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

Plaintiff was terminated by Defendants on the basis of her disability; Defendants failed to make reasonable accommodations for Plaintiff as required by law.

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Self-Represented Plaintiff: X _Colin D. Creager_   Date: 0/16/25

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION UNDER S.J.C. RULE 1:18(5)

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney: X _Colin D. Creager_   Date: 10/16/25

SC0001: 02/24                    www.mass.gov/courts                    Date/Time Printed:10-17-2025 14:37:56

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                          **SUPERIOR COURT**
                                                     **DOCKET NO: 2582CV01159**

_____
                                        )
**JANICE ALLEN BROOKS,**                )
    **Plaintiff,**           )
                                        )
**v.**                                  )
                                        )
**THE PARK SCHOOL and**                 )
**SCOTT YOUNG, individually and as**    )
**Head of School,**                     )
    **Defendants.**          )
                                        )
_____   )

### DENZIL D. McKENZIE, SUCCESSOR COUNSEL'S MOTION FOR LEAVE OF COURT TO EXTEND THE PERIOD TO SERVE THE COMPLAINT

Denzil D. McKenzie, Successor Counsel to the Plaintiff, respectfully moves for leave of Court to extend the period to serve the Complaint, which was filed with the Court on October 20, 2025. As grounds for this Motion, McKenzie states that due to the illness of Colin D. Creager, Esq., Plaintiff's former counsel, the Complaint was not served on the Defendant.

WHEREFORE, the Successor Counsel respectfully requests that this Court allow the Plaintiff's Motion for Leave of Court to Serve the Complaint.

                                        Respectfully submitted,
                                        Janice Allen-Brooks,
                                        By her attorney,

Dated: April 21, 2026                   _/s/ Denzil D. McKenzie_
                                        Denzil D. McKenzie, BBO No. 336420
                                        McKenzie & Associates, P.C.
                                        183 State Street, Suite 6
                                        Boston, MA 02109
                                        Tel: 617.778.0010
                                        dmckenzie@mckenzielawpc.com

4

Docketed 04/28/2026

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                                SUPERIOR COURT DEPARTMENT

JANICE ALLEN-BROOKS,

      Plaintiff,

           v.                                           Civil Action No. 2582CV01159

THE PARK SCHOOL and SCOTT
YOUNG, individually and as Head of
School,

      Defendants.

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S
## MOTION FOR LEAVE TO EXTEND THE PERIOD TO SERVE THE COMPLAINT

Defendants the Park School and Scott Young hereby oppose Plaintiff Janice Allen-Brooks's Motion for Leave of Court to Extend the Period to Serve the Complaint. As explained below, Allen-Brooks has had over six months to serve her complaint and has failed to do so. Counsel provides no reason to permit more time to do so, much less "good cause" as required.

Defendants appear specially and solely for the limited purpose of opposing Allen-Brooks's motion and expressly preserve any and all objections to personal jurisdiction, insufficiency of process, and insufficiency of service of process under Mass. R. Civ. P. 12(b)(2), (4), and (5). Defendants' appearance for this limited purpose does not constitute a general appearance or submission to the jurisdiction of this Court.

## BACKGROUND

Allen-Brooks first filed these claims in the Massachusetts Commission Against Discrimination in March 2023. Her complaint in this Court was filed on October 17, 2025. Dkt. No. 1. The complaint was signed by Colin D. Creager, Esq., of McKenzie & Associates, P.C.,

183 State Street, Suite 6, Boston, MA 02109. *Id.* at 24. Under Mass. R. Civ. P. 4(j), service of the summons and complaint upon Defendants was required to be made within ninety days of filing, or by January 15, 2026.

Defendants were never served, nor did Allen-Brooks move to extend the time for service before the January 2026 deadline passed.

On April 21, 2026—over three months after the service period expired—Denzil D. McKenzie, Esq., filed the present motion on behalf of Allen-Brooks. Attorney McKenzie's office address is identical to that of Attorney Creager, and Attorney McKenzie appears to practice at the same firm at which Attorney Creager practices or practiced. Dkt. No. 3. The motion is unaccompanied by any affidavit. It does not describe a single attempt to serve either Defendant. It does not identify when Attorney Creager became ill, how long the illness lasted, or when Attorney McKenzie assumed responsibility for the matter. And it does not state why service could not have been arranged by another attorney at McKenzie & Associates during the ninety-day service period or in the many months thereafter.

## ARGUMENT

Mass. R. Civ. P. 4(j) provides that:

> If a service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

The Massachusetts Appeals Court has described "good cause" as "'a stringent standard requiring diligen[t]' albeit unsuccessful effort to complete service within the period prescribed by the rule," and the burden of establishing good cause is on the plaintiff. *Shuman v. The Stanley Works*,

2

30 Mass. App. Ct. 951, 953 (1991) (quoting *Davis–Wilson v. Hilton Hotels Corp.*, 106 F.R.D. 505, 509 (E.D. La. 1985)).

Here, Allen-Brooks's motion states only that Attorney Creager became ill. Dkt. No. 3. That, alone, does not constitute good cause. Indeed, in *Shuman*, the plaintiff's counsel "became ill and entrusted the matter to another attorney who apparently also became ill . . . in the course of attempting to effect service upon [the defendant]." *Id.* at 952. Notwithstanding the illnesses of two successive attorneys, the Appeals Court affirmed dismissal of the action, holding that counsel had failed to demonstrate good cause. *Id.* at 953–954. The court emphasized that the plaintiff's counsel had waited more than sixty-five days before attempting to locate an agent to accept service, that counsel's first attempt at service was not made until eight days before the deadline, and that no extension was ever sought—all of which the court cited as "evidence of lack of diligence." *Id.* at 953. The court expressly held that "[c]ounsel's inadvertence and lack of diligence in effecting service of process exemplify what the adoption and application of rule 4(j) seek to avoid." *Id.*

Here, Allen-Brooks's counsel has waited far longer than counsel in *Shuman*—over six months since filing, compared to sixty-five days in that case—and here, the record evidence relating to the reason for that delay is even more bare. The motion is unsupported by affidavit, and it describes no effort whatsoever to serve Defendants. The simple assertion that Allen-Brooks's counsel was ill provides no factual basis upon which this Court can find that there was good cause to fail to serve the Complaint.

Moreover, while the motion styles Attorney McKenzie as "successor counsel," Dkt, No. 3, that is not the case. Attorney McKenzie is an attorney at McKenzie & Associates, P.C.—the same law firm where Mr. Creager works or worked and by which the complaint was filed.

3

*Compare* Dkt. No. 1 at 24 *with* Dkt. No. 3. A law firm, not an individual practitioner within that firm, is responsible for the timely prosecution of its clients' cases. Attorney McKenzie or one of the other attorneys at his firm was, presumably, available at some point during the ninety-day service period or over the last three months. The motion offers no explanation as to why he, or any other attorney at the firm, could not have arranged service while Mr. Creager was ill—or, at the very minimum, filed a timely motion for extension of time.

For the foregoing reasons, Defendants respectfully urge this Court to deny the motion and to dismiss this action.

Respectfully submitted,

THE PARK SCHOOL and SCOTT YOUNG, individually and as Head of School,

By their attorney,

/s/ *Alexandra Arnold*
Alexandra Arnold (BBO #706208)
CLOHERTY & STEINBERG LLP
One Financial Center, Suite 1120
Boston, MA 02111
aarnold@clohertysteinberg.com
(617) 481-0160

Dated: April 28, 2025

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served electronically on all counsel of record on April 28, 2025.

/s/ *Alexandra Arnold*
Alexandra Arnold

4

Date Filed 4/21/2026 11:52 AM
Superior Court - Norfolk
Docket Number 2582CV01159

eFiled 04/21/2026 Docketed 04/22/2026

3

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                    **SUPERIOR COURT**
                                                **DOCKET NO: 2582CV01159**

| | |
|---|---|
| JANICE ALLEN BROOKS,<br> Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE PARK SCHOOL and<br>SCOTT YOUNG, individually and as<br>Head of School,<br> Defendants. | ) |

### DENZIL D. McKENZIE, SUCCESSOR COUNSEL'S MOTION FOR LEAVE OF COURT TO EXTEND THE PERIOD TO SERVE THE COMPLAINT

Denzil D. McKenzie, Successor Counsel to the Plaintiff, respectfully moves for leave of

Court to extend the period to serve the Complaint, which was filed with the Court on October 20,

2025. As grounds for this Motion, McKenzie states that due to the illness of Colin D. Creager,

Esq., Plaintiff's former counsel, the Complaint was not served on the Defendant.

WHEREFORE, the Successor Counsel respectfully requests that this Court allow the

Plaintiff's Motion for Leave of Court to Serve the Complaint.

Respectfully submitted,
Janice Allen-Brooks,
By her attorney,

Dated: April 21, 2026

/s/ Denzil D. McKenzie
Denzil D. McKenzie, BBO No. 336420
McKenzie & Associates, P.C.
183 State Street, Suite 6
Boston, MA 02109
Tel: 617.778.0010
dmckenzie@mckenzielawpc.com

04/23/26 Allowed. Court
Plaintiff shall serve and file any returns of service on or before 06/22/26.

Date Filed 4/28/2026 3:15 PM
Superior Court - Norfolk
Docket Number 2582CV01159

Docketed 04/28/2026

4

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                      SUPERIOR COURT DEPARTMENT

---

JANICE ALLEN-BROOKS,

    Plaintiff,

    v.                                      Civil Action No. 2582CV01159

THE PARK SCHOOL and SCOTT
YOUNG, individually and as Head of
School,

    Defendants.

---

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S
### MOTION FOR LEAVE TO EXTEND THE PERIOD TO SERVE THE COMPLAINT

Defendants the Park School and Scott Young hereby oppose Plaintiff Janice Allen-Brooks's Motion for Leave of Court to Extend the Period to Serve the Complaint. As explained below, Allen-Brooks has had over six months to serve her complaint and has failed to do so. Counsel provides no reason to permit more time to do so, much less "good cause" as required.

Defendants appear specially and solely for the limited purpose of opposing Allen-Brooks's motion and expressly preserve any and all objections to personal jurisdiction, insufficiency of process, and insufficiency of service of process under Mass. R. Civ. P. 12(b)(2), (4), and (5). Defendants' appearance for this limited purpose does not constitute a general appearance or submission to the jurisdiction of this Court.

### BACKGROUND

Allen-Brooks first filed these claims in the Massachusetts Commission Against Discrimination in March 2023. Her complaint in this Court was filed on October 17, 2025. Dkt. No. 1. The complaint was signed by Colin D. Creager, Esq., of McKenzie & Associates, P.C.,

---

Treating this opposition as a motion to reconsider — see 4/23 endorsement. Per the Court's prior Order, the Plaintiff shall serve the Defendants and file return of service on the Defendants — the Defendants' request is denied. 04/29/2026

service on or before 06/22/26. (Grant.)

| CIVIL ACTION COVER SHEET | DOCKET NUMBER<br>2582CV01159 | Massachusetts Trial Court<br>Superior Court |
|---|---|---|
| | | **COUNTY** Norfolk Superior Court |

| Plaintiff | Janice Allen-Brooks | Defendant: | The Park School |
|---|---|---|---|
| ADDRESS: | 78 Roanoke Road | ADDRESS: | 171 Goddard Avenue |
| Mattapan, MA 02126 | | Brookline, MA 02445 | |
| | | Defendant: Scott Young, Individually and as Head of School | |
| Plaintiff Attorney: | Denzil D. McKenzie | Defendant Attorney: | |
| ADDRESS: | McKenzie & Associates, P.C. | ADDRESS: | |
| 183 State Street, Suite 6 | | | |
| Boston, MA 02109 | | | |
| BBO: | 336420 | BBO: | |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Employment Discrimination | F | ☒ YES  ☐ NO |

\*If "Other" please describe: _____

| Is there a claim under G.L. c. 93A? | Is there a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☐ YES  ☒ NO | ☐ YES  ☒ NO |

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

A. Documented medical expenses to date

    1. Total hospital expenses      _____

    2. Total doctor expenses      _____

    3. Total chiropractic expenses      _____

    4. Total physical therapy expenses      _____

    5. Total other expenses (describe below)      _____

    _____

                                  Subtotal (1-5):      $0.00

B. Documented lost wages and compensation to date      $16,770.00

C. Documented property damages to date      _____

D. Reasonably anticipated future medical and hospital expenses      $100,000.00

E. Reasonably anticipated lost wages      $350,370.00

F. Other documented items of damages (describe below)      $107,860.00

Legal fees and costs, retaliation, discrimination, emotional distress, wrongful termination, breach of contract, lost benefits, reputational harm

                                    TOTAL (A-F):      $575,000.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

Plaintiff was terminated by Defendants on the basis of her disability; Defendants failed to make reasonable accommodates for Plaintiff as required by law.

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

| Signature of Attorney/Self-Represented Plaintiff: X  *Denzil D McKenzie* | Date: 6/8/2026 |
|---|---|

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

_____

### CERTIFICATION UNDER S.J.C. RULE 1:18(5)

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney: X | Date: |
|---|---|

# CIVIL ACTION COVER SHEET INSTRUCTIONS —
## SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality †*

AA1 Contract Action involving Commonwealth,
   Municipality, MBTA, etc. (A)
AB1 Tortious Action involving Commonwealth,
   Municipality, MBTA, etc. (A)
AC1 Real Property Action involving
   Commonwealth, Municipality, MBTA etc. (A)
AD1 Equity Action involving Commonwealth,
   Municipality, MBTA, etc. (A)
AE1 Administrative Action involving
   Commonwealth, Municipality, MBTA,etc. (A)

### CN Contract/Business Cases

A01 Services, Labor, and Materials (F)
A02 Goods Sold and Delivered (F)
A03 Commercial Paper (F)
A04 Employment Contract (F)
A05 Consumer Revolving Credit - M.R.C.P. 8.1 (F)
A06 Insurance Contract (F)
A08 Sale or Lease of Real Estate (F)
A12 Construction Dispute (A)
A14 Interpleader (F)
BA1 Governance, Conduct, Internal
   Affairs of Entities (A)
BA3 Liability of Shareholders, Directors,
   Officers, Partners, etc. (A)
BB1 Shareholder Derivative (A)
BB2 Securities Transactions (A)
BC1 Mergers, Consolidations, Sales of
   Assets, Issuance of Debt, Equity, etc. (A)
BD1 Intellectual Property (A)
BD2 Proprietary Information or Trade
   Secrets (A)
BG1 Financial Institutions/Funds (A)
BH1 Violation of Antitrust or Trade
   Regulation Laws (A)
A99 Other Contract/Business Action - Specify (F)

\* See Superior Court Standing Order 1-88 for an
explanation of the tracking deadlines for each track
designation: F, A, and X. On this page, the track
designation for each case type is noted in
parentheses.

†* Choose this case type if ANY party is the
Commonwealth, a municipality, the MBTA, or any
other governmental entity UNLESS your case is a
case type listed under Administrative Civil Actions
(AA).

‡ Choose this case type if ANY party is an
incarcerated party, UNLESS your case is a case
type listed under Administrative Civil Actions (AA)
or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

D01 Specific Performance of a Contract (A)
D02 Reach and Apply (F)
D03 Injunction (F)
D04 Reform/ Cancel Instrument (F)
D05 Equitable Replevin (F)
D06 Contribution or Indemnification (F)
D07 Imposition of a Trust (A)
D08 Minority Shareholder's Suit (A)
D09 Interference in Contractual Relationship (F)
D10 Accounting (A)
D11 Enforcement of Restrictive Covenant (F)
D12 Dissolution of a Partnership (F)
D13 Declaratory Judgment, G.L. c. 231A (A)
D14 Dissolution of a Corporation (F)
D99 Other Equity Action (F)

### PA Civil Actions Involving Incarcerated Party ‡

PA1 Contract Action involving an
   Incarcerated Party (A)
PB1 Tortious Action involving an
   Incarcerated Party (A)
PC1 Real Property Action involving an
   Incarcerated Party (F)
PD1 Equity Action involving an
   Incarcerated Party (F)
PE1 Administrative Action involving an
   Incarcerated Party (F)

### TR Torts

B03 Motor Vehicle Negligence - Personal
   Injury/Property Damage (F)
B04 Other Negligence - Personal
   Injury/Property Damage (F)
B05 Products Liability (A)
B06 Malpractice - Medical (A)
B07 Malpractice - Other (A)
B08 Wrongful Death - Non-medical (A)
B15 Defamation (A)
B19 Asbestos (A)
B20 Personal Injury - Slip & Fall (F)
B21 Environmental (F)
B22 Employment Discrimination (F)
BE1 Fraud, Business Torts, etc. (A)
B99 Other Tortious Action (F)

### RP Summary Process (Real Property)

S01 Summary Process - Residential (X)
S02 Summary Process - Commercial/
   Non-residential (F)

### RP Real Property

C01 Land Taking (F)
C02 Zoning Appeal, G.L. c. 40A (F)
C03 Dispute Concerning Title (F)
C04 Foreclosure of a Mortgage (X)
C05 Condominium Lien & Charges (X)
C99 Other Real Property Action (F)

### MC Miscellaneous Civil Actions

E18 Foreign Discovery Proceeding (X)
E97 Prisoner Habeas Corpus (X)
E22 Lottery Assignment, G.L. c. 10, § 28 (X)

### AB Abuse/Harassment Prevention

E15 Abuse Prevention Petition, G.L. c. 209A (X)
E21 Protection from Harassment, G.L. c. 258E (X)

### AA Administrative Civil Actions

E02 Appeal from Administrative Agency,
   G.L. c. 30A (X)
E03 Certiorari Action, G.L. c. 249, § 4 (X)
E05 Confirmation of Arbitration Awards (X)
E06 Mass Antitrust Act, G.L. c. 93, § 9 (A)
E07 Mass Antitrust Act, G.L. c. 93, § 8 (X)
E08 Appointment of a Receiver (X)
E09 Construction Surety Bond, G.L. c. 149,
   §§ 29, 29A (A)
E10 Summary Process Appeal (X)
E11 Worker's Compensation (X)
E16 Auto Surcharge Appeal (X)
E17 Civil Rights Act, G.L. c.12, § 11H (A)
E24 Appeal from District Court
   Commitment, G.L. c.123, § 9(b) (X)
E94 Forfeiture, G.L. c. 265, § 56 (X)
E95 Forfeiture, G.L. c. 94C, § 47 (F)
E99 Other Administrative Action (X)
Z01 Medical Malpractice - Tribunal only,
   G.L. c. 231, § 60B (F)
Z02 Appeal Bond Denial (X)

### SO Sex Offender Review

E12 SDP Commitment, G.L. c. 123A, § 12 (X)
E14 SDP Petition, G.L. c. 123A, § 9(b) (X)

### RC Restricted Civil Actions

E19 Sex Offender Registry, G.L. c. 6, § 178M (X)
E27 Minor Seeking Consent, G.L. c.112, § 12S (X)

### TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** — On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** — If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND
## ACCURATELY, THE CASE MAY BE DISMISSED.