**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JANICE ALLEN-BROOKS,<br><br>    Plaintiff,<br><br>        v.<br><br>THE PARK SCHOOL and SCOTT YOUNG, individually and as Head of School,<br><br>    Defendants. | Civil Action No. 1:26-cv-12757-RGS |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO VACATE**

Defendants the Park School and Scott Young respectfully oppose Plaintiff Janice Allen-Brooks's Motion to Vacate [Dkt. No. 10] the Court's July 15, 2026 Order [Dkt. No. 9] granting Defendants' Partial Motion to Dismiss [Dkt. No. 7]. As grounds, Defendants state as follows:

1.      More than three years ago, on March 9, 2023, Allen-Brooks filed a Charge of Discrimination, *pro se*, with the Massachusetts Commission Against Discrimination (MCAD). On April 14, 2023, Attorney Denzil McKenzie—who is counsel of record in this case—appeared as counsel for Allen-Brooks and filed on her behalf an Amended Charge before the MCAD, bringing (against the Park School only) the discrimination claims that underlie this action, including allegations of disability discrimination, failure to accommodate, and retaliation under Mass. Gen. Laws ch. 151B and the Americans with Disabilities Act. The Park School filed a Position Statement detailing its position that every accommodation requested by Allen-Brooks was provided and that she voluntarily resigned but was nonetheless paid through the end of her contract. Attorney McKenzie ceased responding to undersigned counsel's attempts to communicate with him while the case was pending before the MCAD.

2.      On October 15, 2025, Allen-Brooks filed a Complaint in Norfolk Superior Court, asserting claims against both the Park School and Young.  Although the Complaint alleges that the MCAD "investigated and issued its determination" [Dkt. No. 1-1, ¶ 96], no such determination has ever issued. *See* Exhibit 1.

3.      Under Mass. R. Civ. P. 4(j), service of the Superior Court Summonses and Complaint was required within ninety days of filing, by January 15, 2026. Allen-Brooks did not serve Defendants by that deadline and did not move to extend the time for service before it expired.

4.      It was not until April 21, 2026—more than three months after the service deadline had already passed—that Allen-Brooks filed a motion for leave to extend the period for service [Dkt. No. 1-3, at 2]. Although Defendants opposed the motion, *id.* at 3-6, the Superior Court nonetheless allowed Allen-Brooks to serve the Complaint, *id.* at 7.[1]

5.      Allen-Brooks served the Complaint and Summonses on Defendants on May 18, 2026 [Dkt. No. 1-2], and Defendants removed the case to this Court on June 17, 2026 [Dkt. No. 1].

6.      On June 24, 2026, Defendants filed a Partial Motion to Dismiss Counts III, VI, VII, and VIII of Allen-Brooks's Complaint in their entirety and Counts I-VI as to Young in his individual capacity [Dkt. No. 7]. Allen-Brooks's Opposition was due on July 8, 2026. *See* L.R. 7.1(b)(2).

---

[1] As Defendants noted in their opposition to the motion to extend time for service, that motion mischaracterized Attorney McKenzie as "successor counsel" to Attorney Colin Creager, who had signed and filed the Complaint in Norfolk Superior Court. In fact, Attorney Creager practiced at the same firm as Attorney McKenzie, and the motion offered no explanation as to why Attorney McKenzie, or any other attorney at that firm, could not have effectuated service during the ninety-day service period or in the more than three months that elapsed before the motion was filed. *Id.* at 4.

7.      At 4:18 p.m. on July 8, 2026, Attorney McKenzie emailed Defendants' counsel, stating: "I am writing to request a 14-day extension of time to respond to your client's motion to dismiss our complaint. Our client contracted a virus, which resulted in her hospitalization; therefore, we have not been able to consult with her regarding the motion to dismiss" [Dkt. No. 10-1, at 3].

8.      That same day, Defendants' counsel responded, wished Allen-Brooks well, and stated: "You can indicate on your motion that we have conferred and Defendants assent to the extension requested." *Id.* at 1. However, Allen-Brooks failed to file any motion to continue the opposition deadline.

9.      On July 15, 2026, a week after the opposition deadline had elapsed, this Court granted Defendants' Partial Motion to Dismiss as unopposed [Dkt. No. 9].

10.      On July 16, 2026, Attorney McKenzie emailed Defendants' counsel, stating: "Due to a delay on our part, the Court dismissed the Complaint in the Allen-Brooks v. Park School matter for failure to respond to the complaint. I am writing to ask whether you would join me in a joint motion to the effect that you granted us a 14-day extension to respond to your client's motion to dismiss. I would greatly appreciate your assistance." Exhibit 2. Defendants' counsel responded: "Thank you for your email. We do not agree to join a motion for reconsideration. If you are filing any such motion, you may of course represent the substance of our prior communication. On July 8th, we conferred and Defendants indicated that we would assent to a motion to extend. It is our position that any motion to extend should have been filed prior to the court's initial deadline." *Id.*

11.      On July 17, 2026, Allen-Brooks filed a Motion to Vacate the Court's July 15, 2026 Order, Dkt. No. 10. The Motion to Vacate mischaracterizes Defendants' counsel's July 8,

2026 email as having "granted" a fourteen-day extension of time. Dkt. No. 10, ¶ 1. Of course, Defendants' counsel did not grant—and had no authority to grant—an extension of a court-ordered deadline. Defendants' counsel agreed only to assent to a motion seeking such an extension from the Court, a motion that Allen-Brooks did not file. Allen-Brooks also failed to indicate in the Motion to Vacate that Defendants opposed the motion; indeed, Allen-Brooks did not file a Rule 7.1 certification at all.

12.     As a matter of practice, undersigned counsel endeavors to be cooperative with opposing counsel and routinely assents to requests for extension. However, as described above, Defendants have been required, at each stage of this litigation since 2023, to expend time and resources due to Allen-Brooks's counsel's failure to meet deadlines and to communicate reliably with undersigned counsel.

13.     Relief under Federal Rule of Civil Procedure 60(b) is discretionary, and a movant seeking to set aside an order bears the burden of establishing grounds for relief, including that the neglect was excusable and that the non-movant will not be unfairly prejudiced by reopening the matter. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395–96 (1993). Allen-Brooks's motion offers no explanation for her counsel's failure to file the motion to extend other than counsel's own inadvertence [Dkt. No. 10, ¶ 2], and it does not address the prejudice to Defendants caused by repeated delays and mischaracterizations.

For the foregoing reasons, Defendants respectfully request that this Court deny Allen-Brooks's Motion to Vacate [Dkt. No. 10].

Respectfully submitted,

*/s/ Alexandra Arnold*
Alexandra Arnold (BBO #706208)
aarnold@clohertysteinberg.com
Victoria L. Steinberg (BBO #666482)
vsteinberg@clohertysteinberg.com
CLOHERTY & STEINBERG LLP
One Financial Center, Suite 1120
Boston, MA 02111
617-481-0160

Dated: July 20, 2026

## CERTIFICATE OF SERVICE

I hereby certify that this document was served electronically upon all counsel of record filing through the ECF system on July 20, 2026.

*/s/ Alexandra Arnold*
Alexandra Arnold