CRTR2709-CR

**COMMONWEALTH OF MASSACHUSETTS**
**NORFOLK COUNTY**
**Docket Report**

### 2582CV01159 Allen-Brooks, Janice vs. The Park School et al

| | |
|---|---|
| **CASE TYPE:** Torts | **FILE DATE:** 10/17/2025 |
| **ACTION CODE:** B22 | **CASE TRACK:** F - Fast Track |
| **DESCRIPTION:** Employment Discrimination | |
| **CASE DISPOSITION DATE:** 06/18/2026 | **CASE STATUS:** Closed |
| **CASE DISPOSITION:** Transferred to another Court | **STATUS DATE:** 06/18/2026 |
| **CASE JUDGE:** | **CASE SESSION:** Civil C |

### DCM TRACK

| Tickler Description | Due Date | Completion Date |
|---|---|---|
| Rule 15 Served By | 02/17/2026 | 06/18/2026 |
| Rule 15 Filed By | 03/19/2026 | 06/18/2026 |
| Rule 15 Heard By | 04/15/2026 | 06/18/2026 |
| Service | 06/22/2026 | 06/18/2026 |
| Answer | 07/22/2026 | 06/18/2026 |
| Rule 12/19/20 Heard By | 07/22/2026 | 06/18/2026 |
| Rule 12/19/20 Served By | 07/22/2026 | 06/18/2026 |
| Rule 12/19/20 Filed By | 07/22/2026 | 06/18/2026 |
| Discovery | 08/17/2026 | 06/18/2026 |
| Rule 56 Served By | 09/15/2026 | 06/18/2026 |
| Rule 56 Filed By | 10/15/2026 | 06/18/2026 |
| Final Pre-Trial Conference | 02/12/2027 | 06/18/2026 |
| Judgment | 10/20/2027 | 06/18/2026 |

### PARTIES

| Plaintiff | Attorney | 336420 |
|---|---|---|
| Allen-Brooks, Janice<br>76 Roanoke Road<br>Mattapan, MA 02126 | Denzil D McKenzie<br>McKenzie and Associates, P.C.<br>McKenzie and Associates, P.C.<br>183 State St<br>Suite 6A<br>Boston, MA 02109<br>Work Phone (617) 723-0400<br>Added Date: 04/22/2026 | |
| | **Attorney**<br>Colin D Creager<br>McKenzie and Associates, P.C.<br>McKenzie and Associates, P.C.<br>183 State St<br>Suite 6<br>Boston, MA 02109<br>Work Phone (617) 723-0400<br>Added Date: 10/17/2025 | **697526** |

## COMMONWEALTH OF MASSACHUSETTS
### NORFOLK COUNTY
### Docket Report

| Defendant<br>Scott Young as Head of School at The Park School | Attorney　　　　706208<br>Alexandra Arnold<br>Cloherty and Steinberg LLP<br>Cloherty and Steinberg LLP<br>One Financial Center<br>Suite 1120<br>Boston, MA 02111<br>Work Phone (617) 481-0606<br>Added Date: 04/28/2026 |
|---|---|
| Defendant<br>The Park School<br>171 Goddard Avenue<br>Brookline, MA 02445 | Attorney　　　　706208<br>Alexandra Arnold<br>Cloherty and Steinberg LLP<br>Cloherty and Steinberg LLP<br>One Financial Center<br>Suite 1120<br>Boston, MA 02111<br>Work Phone (617) 481-0606<br>Added Date: 04/28/2026 |

### FINANCIAL DETAILS

| Date | Fees/Fines/Costs/Charge | Assessed | Paid | Dismissed | Balance |
|---|---|---|---|---|---|
| 10/20/2025 | Civil Filing Fee (per Plaintiff) Receipt: 32669 Date: 10/20/2025 | 240.00 | 240.00 | 0.00 | 0.00 |
| 10/20/2025 | Civil Security Fee (G.L. c. 262, § 4A) Receipt: 32669 Date: 10/20/2025 | 20.00 | 20.00 | 0.00 | 0.00 |
| 10/20/2025 | Civil Surcharge (G.L. c. 262, § 4C) Receipt: 32669 Date: 10/20/2025 | 15.00 | 15.00 | 0.00 | 0.00 |
| 05/04/2026 | Fee for Blank Subpoena for One (1) or More Witnesses MGL 262 sec. 4b Receipt: 33934 Date: 05/05/2026 | 10.00 | 10.00 | 0.00 | 0.00 |
| | **Total** | **285.00** | **285.00** | **0.00** | **0.00** |



**COMMONWEALTH OF MASSACHUSETTS**

**NORFOLK COUNTY**

**Docket Report**

| | | INFORMATIONAL DOCKET ENTRIES | |
|---|---|---|---|
| Date | Ref | Description | Judge |
| 10/20/2025 | | Case assigned to:<br>DCM Track F - Fast Track was added on 10/20/2025 | |
| 10/20/2025 | 1 | Complaint electronically filed.<br>(eFiled 10/17/2025) | |
| 10/20/2025 | 2 | Civil action cover sheet filed.<br><br>(eFiled 10/17/2025) | |
| 10/20/2025 | | Demand for jury trial entered. | |
| 10/20/2025 | | EDocument sent:<br>A Tracking Order was generated and sent to:<br>Plaintiff, Attorney: Colin D Creager, Esq. ccreager@mckenzielawpc.com | |
| 10/27/2025 | | One Trial case reviewed by Clerk, case to remain in the Superior Court.<br><br>Judge: Hickey, Mary K | Hickey |
| 04/22/2026 | 3 | Plaintiff Janice Allen-Brooks's Motion for Leave of Court to Extend the Period to Serve the Complaint (By Denzil D. McKenzie, Successor Counsel) (efiled 04/21/2026) CB | |
| 04/22/2026 | | Attorney appearance<br>On this date Denzil D McKenzie, Esq. added for Plaintiff Janice Allen-Brooks | |
| 04/28/2026 | | Attorney appearance<br>On this date Alexandra Arnold, Esq. added for Defendant The Park School | |
| 04/28/2026 | | Attorney appearance<br>On this date Alexandra Arnold, Esq. added for Defendant Scott Young as Head of School at The Park School | |
| 04/28/2026 | 4 | Opposition to (P#3.0) Motion for Leave of Court to Extend the Period to Serve the Complaint -- filed by The Park School, Scott Young as Head of School at The Park School(E-Filed)mk | |
| 04/30/2026 | | Endorsement on Motion for Leave to Extend the Period to Serve the Complaint (#3.0): ALLOWED<br>Plaintiff shall serve and file any returns of service on or before 6/22/26. (Gant, J)(dated 4/23/26) ns vs | Gant |
| 04/30/2026 | | EDocument sent:<br><br>Clerk's Notice (eDoc)<br>Sent On: 04/30/2026 10:34:41<br>Notice Sent To: Denzil D McKenzie, Esq. denzil@mckenzielawpc.com<br>Notice Sent To: Colin D Creager, Esq. ccreager@mckenzielawpc.com<br>Notice Sent To: Alexandra Arnold, Esq. aarnold@clohertysteinberg.com<br>Notice Sent To: Alexandra Arnold, Esq. aarnold@clohertysteinberg.com | |



**COMMONWEALTH OF MASSACHUSETTS**
NORFOLK COUNTY
Docket Report

| | | | |
|---|---|---|---|
| 04/30/2026 | | Endorsement on Objection to Plaintiff's Motion for Leave to Extend the Period to Serve the Complaint (#4.0): DENIED<br>Treating this opposition as a motion to reconsider - See 4/23 endorsement on Paper #3 - the Defendants' request is denied. Per the Court's prior Order, the Plaintiff shall serve the Defendants and file return of service on or before 6/22/26. (Gant, J)(dated 4/29/26) ns vs | Gant |
| 04/30/2026 | | EDocument sent:<br><br>Clerk's Notice (eDoc)<br>Sent On: 04/30/2026 10:42:28<br>Notice Sent To: Denzil D McKenzie, Esq. denzil@mckenzielawpc.com<br>Notice Sent To: Colin D Creager, Esq. ccreager@mckenzielawpc.com<br>Notice Sent To: Alexandra Arnold, Esq. aarnold@clohertysteinberg.com<br>Notice Sent To: Alexandra Arnold, Esq. aarnold@clohertysteinberg.com | |
| 05/05/2026 | | Plaintiff Janice Allen-Brooks's Request for<br>2 Summons (E-Filed 05/04/2026) | |
| 05/05/2026 | | Docket Note: 2 Summons Mailed on this day | |
| 05/27/2026 | 5 | Service Returned by delivering in hand to Defendant, Scott Young, Individually and as Head of School. Served on 05/18/2026 at 10:31AM at 171 Goddard Ave, The Park School, Brookline, MA 02445.<br>(eFiled 05/26/2026) CB | |
| 05/27/2026 | 6 | Service Returned by delivering in hand to Scott Young, Head of School, person in charge who accepted service on behalf of Defendant, The Park School. Served on 05/18/2026 at 10:31AM at 171 Goddard Avenue, Brookline, MA 02445.<br>(eFiled 05/26/2026) CB | |
| 06/08/2026 | 7 | Civil action cover sheet filed.<br><br>AMENDED | |
| 06/18/2026 | 8 | Defendants The Park School, Scott Young as Head of School at The Park School's Notice of<br>Removal to the United States District Court  (E-filed 6/17/2026) | |
| 06/18/2026 | | Case transferred to another court. | |
| 06/18/2026 | | Docket Note: Attested copies sent to Attorney Alexandra Arnold, Esq. | |

I attest that this document is a
certified photocopy of an
original on file.

*[signature]*

Deputy Assistant Clerk　　6/18/26

Docketed 6/18/2026

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                                                                SUPERIOR COURT DEPARTMENT

---

JANICE ALLEN-BROOKS,

     Plaintiff,

       v.                                                                    Civil Action No. 2582CV01159

THE PARK SCHOOL and SCOTT
YOUNG, individually and as Head of
School,

     Defendants.

---

## <u>NOTICE OF REMOVAL</u>

PLEASE TAKE NOTICE that, on June 17, 2026, Defendants The Park School and Scott

Young filed a Notice of Removal of this action in the United States District Court for the District

of Massachusetts. A copy of the Notice of Removal is attached.

                         Respectfully submitted,

                         THE PARK SCHOOL and SCOTT
                         YOUNG, individually and as Head of
                         School,

                         By their attorney,

                         <u>*/s/ Alexandra Arnold*</u>
                         Alexandra Arnold (BBO #706208)
                         CLOHERTY & STEINBERG LLP
                         One Financial Center, Suite 1120
                         Boston, MA 02111
                         aarnold@clohertysteinberg.com
                         (617) 481-0160

Dated: June 17, 2026

I attest that this document is a
certified photocopy of an
original on file.

_____ Assistant Clerk

6/18/26

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2026, I served this document by certified mail and email

on Plaintiff Janice Allen-Brooks, through her counsel:

Denzil D. McKenzie
McKenzie & Associates, P.C.
183 State Street, Suite 6
Boston, MA 02109
dmckenzie@mckenzielawpc.com


                                                    /s/ Alexandra Arnold
                                                    Alexandra Arnold

2

Date Filed 6/17/2026 1:00 PM
Superior Court - Norfolk
Docket Number 2582CV01159

# EXHIBIT

# A

Date Filed 6/17/2026 1:00 PM Case 1:26-cv-12757-RGS  Document 14  Filed 08/06/26  Page 8 of 46
Superior Court - Norfolk
Docket Number 2582CV01159  Case 1:26-cv-12757  Document 1  Filed 06/17/26  Page 1 of 3

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANICE ALLEN-BROOKS,<br><br>    Plaintiff,<br><br>        v.<br><br>THE PARK SCHOOL and SCOTT YOUNG, individually and as Head of School,<br><br>    Defendants. | Civil Action No. 26-cv-12757 |

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants The Park School and Scott Young hereby remove the action brought by Plaintiff Janice Allen-Brooks in the Commonwealth of Massachusetts Norfolk County Superior Court, Civil Action No. 2582CV01159, to this Court. In support of this notice, Defendants states:

1.      On October 25, 2025, Allen-Brooks filed a civil action in the Norfolk Superior Court. The action is styled as case number 2582CV01159. *See* Exhibit A (Complaint).

2.      Allen-Brooks's complaint alleges violations of, among other things, the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 *et seq.*

3.      Following the Superior Court's allowance of a motion to extend the period to serve the Complaint, Allen-Brooks served Defendants with a copy of the summons and complaint on May 18, 2026. *See* Exhibit B (Return of Service).

4.      Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of all other process, pleadings, and orders served upon Defendants and filed in the state court action are attached as Exhibit C.

## VENUE

5.    The United States District Court for the District of Massachusetts is the federal judicial district embracing the Commonwealth of Massachusetts Norfolk County Superior Court, where this action was originally filed. Therefore, pursuant to 28 U.S.C. §§ 101, 1441(a), assignment to the United States District Court for the District of Massachusetts is proper.

## GROUNDS FOR JURSIDICTION

6.    Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Allen-Brooks's ADA claims, which arise under the laws of the United States.

7.    Pursuant to 28 U.S.C. § 1337(a), this Court has supplemental jurisdiction over Allen-Brooks's remaining claims, as they relate to claims over which this Court has original jurisdiction and form part of the same case or controversy under Article III of the United States Constitution.

## TIMELY REMOVAL

8.    Defendants were served with the summons and complaint on May 18, 2026. Defendants have filed this notice of removal within thirty days of service of the complaint, and it is therefore timely pursuant to 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (period for removal under 28 U.S.C. § 1446(b) begins to run only after a defendant is brought under the court's authority by service of process).

## NOTICE TO STATE COURT

9.    Pursuant to 28 U.S.C. § 1446(d), undersigned counsel has filed this notice of removal, as well as a notice of filing of notice of removal, with the Clerk of the Commonwealth of Massachusetts Norfolk County Superior Court and has served the same on counsel for Allen-Brooks.

2

WHEREFORE, Defendants hereby remove the state court action to this Court's jurisdiction.

Respectfully submitted,

THE PARK SCHOOL and SCOTT YOUNG, individually and as Head of School,

By their attorneys,

/s/ *Alexandra Arnold*
Alexandra Arnold (BBO #706208)
aarnold@clohertysteinberg.com
Victoria L. Steinberg (BBO #666482)
vsteinberg@clohertysteinberg.com
CLOHERTY & STEINBERG LLP
One Financial Center, Suite 1120
Boston, MA 02111
617-481-0160

Dated: June 17, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2026, this document was filed through the ECF system. It will be sent electronically to the registered participants, as identified on the Notice of Electronic Filing. I also served this document by certified mail and email on Allen-Brooks, through her counsel of record in the state court action:

Denzil D. McKenzie
McKenzie & Associates, P.C.
183 State Street, Suite 6
Boston, MA 02109
dmckenzie@mckenzielawpc.com

/s/ *Alexandra Arnold*
Alexandra Arnold

## COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, ss.**

**SUPERIOR COURT
DOCKET NO:** 2582CV01159

|  |  |
|---|---|
| JANICE ALLEN BROOKS,<br>        Plaintiff, | )<br>)<br>)<br>) |
| v. | )<br>) |
| THE PARK SCHOOL and<br>SCOTT YOUNG, individually and as<br>Head of School,<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### INTRODUCTION

This case concerns the systematic denial of legally mandated accommodations to a dedicated educator with disabilities, culminating in her wrongful termination after 33 years of distinguished service. Plaintiff Janice Allen-Brooks was a beloved and accomplished music teacher at The Park School who taught history and cultural awareness through music, prepared students for performances at venues including the White House, and facilitated meetings between her students and luminaries such as Nelson Mandela and Rosa Parks. Despite her exemplary record, when Mrs. Allen-Brooks returned to in-person teaching following the pandemic with legally protected disabilities—legal blindness due to glaucoma and a compromised immune system due to immunosuppressive medications—Defendants systematically failed to provide the reasonable accommodations they had promised, subjected her to dangerous working conditions, assigned her an manifestly unqualified and unstable assistant despite her repeated warnings, and ultimately forced her out of her position when she

Date Filed 10/17/2025 2:57 PM
Superior Court - Norfolk
Docket Number

refused to resign or retire.

Rather than honor their legal and moral obligations to accommodate a disabled employee, Defendants engaged in a calculated pattern of discrimination and retaliation. They repeatedly pressured Mrs. Allen-Brooks to accept early retirement packages even after she had signed her contract and expressed her eagerness to return to in-person teaching. When she refused to resign, Defendants created increasingly untenable and dangerous working conditions by denying her the accommodations necessary to safely perform her duties. After Mrs. Allen-Brooks complained about the unqualified assistant who posed a danger to her students, Defendants locked her out of school systems and falsely claimed she had "voluntarily resigned" after she took previously-approved personal leave—despite the fact that she never signed any resignation, retirement, or separation papers. The Massachusetts Department of Unemployment Assistance investigated and determined that Mrs. Allen-Brooks was discharged after she refused to accept a paid leave of absence or resign, explicitly finding no misconduct on her part.

This complaint seeks redress for Defendants' violations of state and federal disability discrimination laws, their failure to provide reasonable accommodations, their retaliation against Mrs. Allen-Brooks for asserting her legal rights, and their wrongful termination of a dedicated teacher who simply asked to be allowed to do her job safely.

## PARTIES

1.    Plaintiff Janice Allen-Brooks is an individual residing in the Commonwealth of Massachusetts.

2.    Defendant The Park School ("the School") is a private educational institution located in Norfolk County, Massachusetts, and was Plaintiff's employer during all times relevant to this action.

2

Date Filed 10/17/2025 2:57 PM
Superior Court - Norfolk
Docket Number

3. Defendant Scott Young is an individual who served as Head of School at The Park School during all times relevant to this action and acted within the scope of his employment and with apparent authority on behalf of the School.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to Mass. Gen. Laws ch. 151B and supplemental jurisdiction over related state law claims.

5. Venue is proper in Norfolk County Superior Court because the events giving rise to this action occurred in Norfolk County, Massachusetts.

6. Plaintiff has exhausted all administrative remedies required under Mass. Gen. Laws ch. 151B by filing charges with the Massachusetts Commission Against Discrimination ("MCAD"), which investigated and issued its determination.

## FACTUAL ALLEGATIONS

**Plaintiff's Employment and Disabilities**

7. Plaintiff was hired by The Park School in 1989 to teach music.

8. For 33 years, Plaintiff taught students history and cultural awareness through music and prepared children and adults for music events both at the School and at outside venues.

9. Plaintiff's accomplishments included preparing students for performances at The White House for President and Mrs. Obama and their guest, arranging for performances for Nelson Mandela at the Esplanade during his historic visit to the United States, and facilitating opportunities for her students to meet and converse with civil rights icon Rosa Parks.

10. Plaintiff suffers from legal blindness due to glaucoma, a condition that significantly limits her major life activity of seeing.

11. Plaintiff also has a compromised immune system as a result of taking immunosuppressive

3

Date Filed 10/17/2025 2:57 PM
Superior Court - Norfolk
Docket Number

medications following kidney transplant surgery.

12.    Both conditions constitute disabilities within the meaning of Mass. Gen. Laws ch. 151B and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

13.    Despite her disabilities, Plaintiff was able to perform the essential functions of her position as a music teacher with reasonable accommodations.

**Defendant Young's Knowledge of Plaintiff's Disabilities and Failures to Accommodate**

14.    When Scott Young became Head of School in 2018, he was made aware of Plaintiff's health situation through direct communication with Plaintiff, the head of the music department, letters from Plaintiff's physicians, and school records.

15.    Plaintiff requested a reasonable accommodation: an adjustment of the lighting in her classroom, which was too bright and flickered, and in the corridor where the music department office was located, which was dimly lit or often turned off.

16.    Defendant Young ignored this request.

17.    As a direct result of inadequate lighting, Plaintiff tripped on a rug in her classroom and broke her wrist in December 2018.

18.    In February 2019, due to the dimly lit hallway outside the music office, Plaintiff tripped over the legs of a child sitting on the floor and broke her patella (right kneecap).

19.    In both incidents, Plaintiff returned to work the following day, demonstrating her extraordinary dedication to her students and the School.

**The Pandemic and Plaintiff's Contract for the 2022-2023 School Year**

20.    After teaching remotely for 23 months during the pandemic, Plaintiff looked forward to returning to in-person teaching.

21.    On December 14, 2021, Plaintiff reached out to Defendant Young expressing her desire

4

Date Filed 10/17/2025 2:57 PM
Superior Court - Norfolk
Docket Number

to return to in-person instruction. Defendant Young had already asked Plaintiff to come to "Winterfest" to lead the school in song.

22.    On March 4, 2022, Plaintiff received her contract to teach full-time in-person beginning in September 2022.

23.    Plaintiff signed the contract and returned it on the same day she received it.

24.    From April 2022 through June 2022, at Defendant Young's request, Plaintiff came to the School weekly to prepare the upper grade chorus for their Spring Concert and Graduation.

**The Accommodation Meeting and Broken Promises**

25.    At the beginning of June 2022, Defendant Young arranged a meeting with Plaintiff, Plaintiff's husband Robert, and the School's Human Resources representative to discuss supporting Plaintiff's needs in preparation for her return to in-person teaching.

26.    At this meeting, the parties discussed reasonable accommodations, and Defendant Young provided ADA forms for Plaintiff and her physician to complete and sign.

27.    The following accommodations were discussed and agreed upon:

a. A plan to support Plaintiff's monthly infusion treatments, which occur on Tuesdays;

b. Students would wear masks when in Plaintiff's classroom to protect her compromised immune system;

c. The School would place two HEPA air filters in Plaintiff's classroom;

d. The School would hire a qualified assistant to support Plaintiff while teaching;

e. The School would provide IT training in the classroom before the start of school;

g. The School would remove all fall hazards in and around Plaintiff's classroom,

5

Date Filed 10/17/2025 2:57 PM
Superior Court - Norfolk
Docket Number

including rugs, and would not permit students to sit on the floor outside her classroom.

28.  Defendant Young stated that if they had missed anything, Plaintiff should bring it to his attention and he would make adjustments throughout the year.

29.  Toward the end of this June 2022 meeting—after the parties had already discussed Plaintiff's accommodations for her September return—Defendant Young offered Plaintiff an "Early Retirement Package."

30.  Plaintiff thanked Defendant Young but declined the offer, explaining that she was excited to return to in-person teaching, something she had expressed to him numerous times since December 14, 2021.

31.  Defendant Young continued to offer Plaintiff retirement agreements repeatedly via email and in person, to the point of harassment, despite the fact that Plaintiff had signed her contract on March 4, 2022.

32.  Plaintiff declined every retirement offer.

**Defendants' Systematic Failure to Provide Accommodations**

33.  Not one of the agreed-upon accommodations was properly implemented when Plaintiff returned to work in September 2022.

34.  On the first day teachers returned to the building (approximately one week before students), Plaintiff discovered the building was in full construction mode.

35.  Construction work was being performed in the first-floor corridor and cafeteria where the music classrooms were housed, and in the basement directly outside the music office.

36.  There were nails, hammers, drills, and sticky adhesive paper that literally pulled Plaintiff's sandals off her feet—a seriously dangerous situation for someone with low vision.

6

Date Filed 10/17/2025 2:57 PM
Superior Court - Norfolk
Docket Number

37. No assistant had been hired for Plaintiff, so her retired husband helped her set up her classroom every day until students arrived. Defendant Young greeted Plaintiff's husband in the hallway each day as if he were a paid employee.

38. When students arrived, Plaintiff still had no assistant. The School eventually sent her the "third grade team assistant" to help with a few classes for a few days.

39. Every other grade level and department had an assistant assigned to it, but the Music Department did not.

40. There was no plan in place to support Plaintiff's monthly infusion treatments. The School's scheduler, Matt Kessler, scheduled Plaintiff's chorus class at the exact time of her infusion appointment.

41. Plaintiff was forced to change her medical schedule, which had been consistent for three years. The timing of this medication is critical and allows only a very small window.

42. The children initially complied well with the masking requirement until Tina Fox, Head of Lower Division, gave them permission not to wear masks, thereby exposing Plaintiff's compromised immune system to increased risk of infection.

43. Only one HEPA filter was placed in Plaintiff's classroom, not the two that had been promised.

44. Plaintiff did not receive IT training before or after school started. When Plaintiff repeatedly asked IT coordinator Carole Carter to help her set up her music technology so she would be prepared for the first day of school, Ms. Carter did not appear until the first day of school.

45. Defendant Young unilaterally removed Plaintiff's most beloved class—Pre-K, which she had taught for 32 years—without discussing alternative accommodations with her. For 32 years,

7

Date Filed 10/17/2025 2:57 PM
Superior Court - Norfolk
Docket Number

Plaintiff had taught more classes than any other teacher in the School, and no one had ever offered to lighten her workload before.

**Additional Unmet Accommodation Needs**

46. On the first day of school for students, Plaintiff's husband drove her to the front of the School to assist her to her classroom, as had been their routine for many years before the pandemic.

47. Defendant Young approached them and informed them that the four handicapped parking spaces that had previously been in front of the School were no longer there; those spaces had been redesignated for school buses, meaning that on most days there would be no space available for drop-off.

48. This change meant that anyone with a disability who worked at the School—whether employees, students, or caretakers—could no longer stop at the front entrance to receive assistance or park.

49. When Plaintiff requested an accommodation for this situation, Defendant Young stated there would be no changes. Handicapped parking was now located a considerable distance from the front entrance.

50. The School's theater, which Plaintiff used frequently for teaching, practice, and performances, had steep stairs leading down to the stage with no railings.

51. Plaintiff had no safe means of accessing the stage due to her visual impairment. Over the years, multiple people had fallen down those theater stairs, including a math teacher, Steve Kellogg, who broke his neck in such a fall.

52. Plaintiff brought this safety concern to the attention of Defendant Young and other administrators, but her pleas for assistance were ignored.

Date Filed 10/17/2025 2:57 PM
Superior Court - Norfolk
Docket Number

53. During theater rehearsals, Plaintiff was forced to send students down the stairs with her assistant while she conducted from the top of the auditorium. On performance days, she had to arrive early and position herself before the audience arrived, then remain in place until the theater cleared.

54. The School provided Plaintiff with no fire drill evacuation route or shelter-in-place plan adapted to her visual disability.

55. After the first practice drill during the first week of school, Plaintiff brought this serious safety concern to Defendant Young's attention. He stated he would arrange a meeting to address it, but no such meeting ever occurred.

56. During the fire drill, Plaintiff's husband had to lead the way as over 600 people attempted to exit the building simultaneously. Without his assistance, Plaintiff would have been unable to navigate safely.

**The Unqualified and Dangerous Assistant**

57. During the summer of 2022, Defendant Young and Tina Fox interrupted Plaintiff's summer break to ask her to assist in interviewing Mr. Innocent Okechukue for the position of Plaintiff's teaching assistant.

58. At that time, the head of the music department had abruptly resigned, along with two other music teachers, leaving only three music teachers for the upcoming school year.

59. After reviewing Mr. Okechukue's resume and interviewing him, Plaintiff told Defendant Young and Ms. Fox that they should vet him more thoroughly because there were too many inconsistencies in his background and no reliable references to contact.

60. Plaintiff does not know whether Defendants conducted additional vetting, but Defendant Young hired Mr. Okechukue during the second week of school. Plaintiff learned he had been

9

Date Filed 10/17/2025 2:57 PM
Superior Court - Norfolk
Docket Number

hired when another music teacher, Amanda Mahei, dropped him off at Plaintiff's classroom door without advance notice.

61.    After approximately one week of working with Mr. Okechukue, serious problems became apparent.

62.    Mr. Okechukue informed Plaintiff that he had recently been diagnosed with severe depression and severe anxiety.

63.    Mr. Okechukue suffered from chronic urinary tract infections that caused him to run out of Plaintiff's classroom periodically during class time.

64.    Mr. Okechukue experienced unpredictable anxiety attacks during class and exhibited significant mood swings.

65.    Mr. Okechukue had difficulty wearing a mask—one of the accommodations specifically designed to protect Plaintiff's compromised immune system—because he needed air during his anxiety attacks.

66.    All of these issues disqualified Mr. Okechukue from serving as an effective assistant for a visually impaired teacher responsible for young children.

67.    On one occasion when Plaintiff took her first-grade class into the theater, she asked Mr. Okechukue to escort the children down to the stage while she conducted from the top of the theater due to her inability to safely navigate the stairs.

68.    When class concluded and Plaintiff directed the children to return up the stairs, she discovered that Mr. Okechukue had passed out on the floor near the students.

69.    Mr. Okechukue told Plaintiff that when he has anxiety attacks, he sometimes loses consciousness and does not know where he is or how he got there when he regains consciousness.

Date Filed 10/17/2025 2:57 PM
Superior Court - Norfolk
Docket Number

70. Mr. Okechukue exhibited volatile behavior, including giving Plaintiff hostile looks when she asked him to perform simple tasks such as distributing drums to students, and sometimes doing what he wanted rather than following Plaintiff's instructions.

71. When students struggled to understand material, Mr. Okechukue would become impatient and raise his voice at them.

72. After Mr. Okechukue raised his voice at students, Plaintiff had to limit his contact with children and kept him at the piano, positioned away from the students.

73. Mr. Okechukue's unpredictable behavior made it extremely difficult for Plaintiff to perform her teaching duties effectively and safely.

74. Mr. Okechukue himself expressed fear about his own condition and stated that he did not enjoy teaching young children, referring to the choir students as "his nightmares."

**Plaintiff's Repeated Complaints and Defendants' Dismissive Response**

75. Plaintiff repeatedly reported her serious concerns about Mr. Okechukue to Defendant Young, Tina Fox, Ken Rogers, Olivia, and Kim B.

76. Plaintiff desperately pleaded for help because Mr. Okechukue's behavior was unpredictable and she had become frightened for her own safety and the safety of her students.

77. Defendant Young was dismissive of Plaintiff's concerns.

78. At one point, Defendant Young stated he would send administrators into Plaintiff's classroom to observe Mr. Okechukue, but no one ever came.

79. Due to Defendants' failure to address the dangerous situation, Plaintiff's husband began staying at school with her in hopes that administrators would eventually provide a solution.

80. A meeting was eventually convened with Ken Rogers, Tina Fox, David Cordes, Mr. Okechukue, and Plaintiff.

Date Filed 10/17/2025 2:57 PM
Superior Court - Norfolk
Docket Number

81. During this meeting, Ken Rogers twisted the narrative, reframing the situation from "administration made a bad hire" to "Janice and Innocent are fighting and don't like each other."

82. By this point, it had become obvious that Defendant Young and the administrative team were working in concert to discourage Plaintiff by retaliating against her through their refusal to provide the reasonable accommodations she needed to continue teaching safely.

**Plaintiff's Termination**

83. Plaintiff's final meeting with Defendant Young occurred on October 24, 2022.

84. Plaintiff told Defendant Young that having Mr. Okechukue in her classroom posed a risk and danger to the children and to herself, and that she did not need his "assistance" if this was what it was going to be.

85. Defendant Young insisted that Mr. Okechukue had been hired to assist Plaintiff and that was final.

86. Plaintiff responded that Mr. Okechukue was not qualified and had made it very difficult for her to do her job, and she asked Defendant Young to assign him a different position, as the School typically did with other employees who were not working out in their assigned roles.

87. Defendant Young stated that he would need to speak with Mr. Okechukue the following day, but in the meantime, he would send Plaintiff another retirement package.

88. Plaintiff had previously been approved to take personal leave on October 25, 2022.

89. On October 25, 2022, Plaintiff discovered she had been completely locked out of all Park School communications systems except the main switchboard.

90. Defendant Young had deactivated Plaintiff's key fob.

91. Defendant Young subsequently informed Plaintiff that she had "voluntarily resigned" during their meeting on October 24, 2022.

12

Date Filed 10/17/2025 2:57 PM
Superior Court - Norfolk
Docket Number

92.     Plaintiff had never signed any resignation paperwork, retirement agreement, or separation agreement.

93.     Plaintiff was shocked that Defendant Young falsely claimed she had resigned.

**Administrative Determinations**

94.     Following her termination, Plaintiff filed charges with the Equal Employment Opportunity Commission ("EEOC"), the Massachusetts Commission Against Discrimination ("MCAD"), and the Massachusetts Department of Unemployment Assistance ("DUA").

95.     The EEOC investigated Plaintiff's claims from April 2023 through December 2023, after which the case was transferred to MCAD.

96.     MCAD investigated and issued its determination, exhausting Plaintiff's administrative remedies and permitting this lawsuit.

97.     The DUA conducted its own investigation and determined that Plaintiff's discharge was not attributed to deliberate misconduct in willful disregard of the employing unit's interest.

98.     Based on all available facts, the DUA determined that the School discharged Plaintiff after she refused to accept a paid leave of absence or resign from her job.

99.     The DUA granted Plaintiff's unemployment claim in full, a process that took four months during which Plaintiff received no income.

**Damages**

100.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer significant damages, including:

    a. Lost wages and benefits from October 2022 through the present;

    b. Loss of future earning capacity and retirement benefits;

    c. Severe emotional distress, humiliation, and damage to her professional

13

Date Filed 10/17/2025 2:57 PM
Superior Court - Norfolk
Docket Number

reputation;

    d. Loss of the opportunity to continue her life's work teaching music to children;

    e. Physical manifestations of emotional distress; and

    f. Loss of enjoyment of life.

101.   Defendants' conduct was willful, wanton, and in reckless disregard of Plaintiff's rights, warranting an award of punitive damages.

## COUNT I

### Discrimination on the Basis of Disability in Violation of Mass. Gen. Laws Chapter 151B

### (Against All Defendants)

102.   Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 101 as if fully set forth herein.

103.   At all times relevant hereto, Plaintiff was an employee of Defendant The Park School within the meaning of M.G.L. c. 151B.

104.   At all times relevant hereto, Plaintiff suffered from disabilities within the meaning of M.G.L. c. 151B, including legal blindness due to glaucoma and a compromised immune system due to immunosuppressive medications following kidney transplant surgery.

105.   Defendants discriminated against Plaintiff on the basis of her disabilities by treating her differently than similarly situated employees without disabilities, including but not limited to subjecting her to a hostile work environment, refusing to provide reasonable accommodations, assigning her an unqualified and dangerous assistant while ignoring her repeated complaints, and ultimately terminating her employment.

106.   Defendants' conduct was intentional, willful, and in violation of M.G.L. c. 151B.

Date Filed 10/17/2025 2:57 PM
Superior Court - Norfolk
Docket Number

107.    As a direct and proximate result of Defendants' unlawful discrimination, Plaintiff has suffered damages including lost wages, lost future wages and benefits, severe emotional distress, and other compensatory damages.

## COUNT II

Failure to Provide Reasonable Accommodations in Violation of Mass. Gen. Laws Chapter 151B

(Against All Defendants)

108.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 101 as if fully set forth herein.

109.    Plaintiff requested reasonable accommodations from Defendants to enable her to perform the essential functions of her job, including:

> a. Appropriate lighting adjustments in her classroom and work areas;
>
> b. Accessible handicapped parking near the school entrance;
>
> c. Safe access to the theater auditorium stage;
>
> d. A qualified and stable teaching assistant;
>
> e. Masking requirements for students to protect her compromised immune system;
>
> f. Two HEPA air filters in her classroom;
>
> g. Scheduling accommodation for monthly medical infusion treatments;
>
> h. IT training before the school year began;
>
> i. Removal of fall hazards in and around her classroom;
>
> j. A safe evacuation route for fire drills and emergencies.

110.    The requested accommodations were reasonable and would not have imposed an undue hardship on Defendants.

15

Date Filed 10/17/2025 2:57 PM
Superior Court - Norfolk
Docket Number

111. Defendants failed and refused to provide the reasonable accommodations requested and agreed upon with Plaintiff, despite their legal obligation to do so under M.G.L. c. 151B.

112. Defendants failed to engage in a good faith interactive process to determine appropriate accommodations for Plaintiff's disabilities.

113. Defendants' failure to provide reasonable accommodations was intentional, willful, and in violation of M.G.L. c. 151B.

114. As a direct and proximate result of Defendants' failure to accommodate, Plaintiff has suffered damages including lost wages, lost future wages and benefits, severe emotional distress, and other compensatory damages.

## COUNT III

Retaliation in Violation of Massachusetts General Laws Chapter 151B

(Against All Defendants)

115. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 101 as if fully set forth herein.

116. Plaintiff engaged in protected activity under M.G.L. c. 151B by requesting reasonable accommodations for her disabilities and complaining about discriminatory treatment and unsafe working conditions.

117. Following Plaintiff's requests for accommodations and her complaints about the unqualified assistant assigned to her, Defendants subjected her to adverse employment actions and retaliation, including but not limited to:

    a. Hostile and dismissive treatment by Defendant Young and other administrators;

    b. Continued assignment of a manifestly unqualified and dangerous assistant

Date Filed 10/17/2025 2:57 PM
Superior Court - Norfolk
Docket Number

despite Plaintiff's repeated warnings;

    c. Refusal to observe the problematic assistant in the classroom as promised;

    d. Repeated pressure to accept early retirement packages;

    e. Deactivation of Plaintiff's building access and communication systems;

    f. False characterization of Plaintiff's termination as a "voluntary resignation";

    g. Ultimate termination of her employment.

118. There was a causal connection between Plaintiff's protected activity and the adverse employment actions taken against her.

119. Defendants' retaliatory conduct was motivated by Plaintiff's protected activity and was in violation of M.G.L. c. 151B.

120. As a direct and proximate result of Defendants' retaliation, Plaintiff has suffered damages including lost wages, lost future wages and benefits, severe emotional distress, and other compensatory damages.

## COUNT IV

Discrimination on the Basis of Disability in Violation of the Americans with Disabilities Act, 42

U.S.C. § 12101 et seq.

(Against All Defendants)

121. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 101 as if fully set forth herein.

122. At all times relevant hereto, Defendants were employers within the meaning of the ADA, 42 U.S.C. § 12111(5).

123. At all times relevant hereto, Plaintiff was a qualified individual with disabilities within

17

Date Filed 10/17/2025 2:57 PM
Superior Court - Norfolk
Docket Number

the meaning of the ADA.

124.   Plaintiff's disabilities—legal blindness due to glaucoma and compromised immune system due to immunosuppressive medications—substantially limited one or more major life activities, including seeing and immune function.

125.   Plaintiff was qualified to perform the essential functions of her position as a music teacher, with or without reasonable accommodation.

126.   Defendants discriminated against Plaintiff on the basis of her disabilities in violation of the ADA by failing to provide reasonable accommodations, subjecting her to unsafe working conditions, and taking adverse employment actions against her because of her disabilities.

127.   Defendants failed to engage in the interactive process required by the ADA to determine appropriate reasonable accommodations.

128.   As a direct and proximate result of Defendants' violations of the ADA, Plaintiff has suffered damages including lost wages, lost future wages and benefits, severe emotional distress, and other compensatory damages.

## COUNT V

Failure to Provide Reasonable Accommodations in Violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

(Against All Defendants)

129.   Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 101 as if fully set forth herein.

130.   Plaintiff requested reasonable accommodations that would have enabled her to perform the essential functions of her position as a music teacher.

18

Date Filed 10/17/2025 2:57 PM
Superior Court - Norfolk
Docket Number

131. The accommodations requested by Plaintiff were reasonable and would not have imposed an undue hardship on Defendants.

132. Defendants failed to engage in the good faith interactive process required by the ADA.

133. Defendants failed to provide reasonable accommodations in violation of the ADA.

134. As a direct and proximate result of Defendants' violations of the ADA, Plaintiff has suffered damages including lost wages, lost future wages and benefits, severe emotional distress, and other compensatory damages.

## COUNT VI

### Retaliation in Violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

### (Against All Defendants)

135. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 101 as if fully set forth herein.

136. Plaintiff engaged in protected activity under the ADA by requesting reasonable accommodations and opposing discriminatory practices.

137. Defendants subjected Plaintiff to adverse employment actions because of her protected activity, including termination of her employment.

138. There was a causal connection between Plaintiff's protected activity and the adverse employment actions.

139. As a direct and proximate result of Defendants' retaliation, Plaintiff has suffered damages including lost wages, lost future wages and benefits, severe emotional distress, and other compensatory damages.

Date Filed 10/17/2025 2:57 PM
Superior Court - Norfolk
Docket Number

## COUNT VII

### Wrongful Termination in Violation of Public Policy

#### (Against All Defendants)

140.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 101 as if fully set forth herein.

141.    Plaintiff's employment was terminated in violation of clearly established public policy protecting disabled employees from discrimination and guaranteeing their right to reasonable accommodations.

142.    Defendants terminated Plaintiff's employment because of her disabilities and in retaliation for her requests for reasonable accommodations and her complaints about unsafe working conditions.

143.    Plaintiff's termination violated the public policy of Massachusetts as expressed in M.G.L. c. 151B and federal law as expressed in the ADA.

144.    As a direct and proximate result of her wrongful termination, Plaintiff has suffered damages including lost wages, lost future wages and benefits, severe emotional distress, and other compensatory damages.

## COUNT VIII

### Intentional Infliction of Emotional Distress

#### (Against All Defendants)

145.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 101 as if fully set forth herein.

146.    Defendants engaged in extreme and outrageous conduct toward Plaintiff, including but

20

Date Filed 10/17/2025 2:57 PM
Superior Court - Norfolk
Docket Number

not limited to:

    a. Promising reasonable accommodations necessary for Plaintiff's safety and then systematically failing to provide them;

    b. Deliberately exposing Plaintiff to dangerous working conditions, including active construction zones and fall hazards, knowing of her visual impairment;

    c. Assigning Plaintiff a manifestly unqualified assistant who suffered from severe mental health issues, lost consciousness around children, and posed a danger to students, despite Plaintiff's repeated warnings and requests for a qualified assistant;

    d. Ignoring Plaintiff's desperate pleas for help regarding the dangerous assistant and refusing to observe the situation despite promises to do so;

    e. Repeatedly pressuring Plaintiff to retire despite her clear desire to continue teaching;

    f. Locking Plaintiff out of school systems;

    g. Falsely claiming Plaintiff had voluntarily resigned when she had done no such thing;

    h. Terminating Plaintiff after 33 years of exemplary service rather than providing the accommodations required by law.

147.    Defendants' conduct was intentional and reckless, undertaken with knowledge of Plaintiff's disabilities and vulnerabilities.

148.    Defendants' conduct was so extreme and outrageous as to exceed all bounds of decency and was utterly intolerable in a civilized community.

149.    Defendants knew or should have known that their conduct would cause severe emotional

Date Filed 10/17/2025 2:57 PM
Superior Court - Norfolk
Docket Number

distress to Plaintiff.

150.   As a direct and proximate result of Defendants' extreme and outrageous conduct, Plaintiff suffered and continues to suffer severe emotional distress, including anxiety, depression, humiliation, loss of self-esteem, and sleep disturbances.

## COUNT IX

### Breach of Contract

### (Against Defendant The Park School)

151.   Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 101 as if fully set forth herein.

152.   Plaintiff and Defendant The Park School entered into a valid and binding employment contract for the 2022-2023 school year.

153.   Plaintiff signed and returned the contract on March 4, 2022.

154.   Plaintiff performed all conditions precedent and substantially performed her obligations under the contract by reporting to work, teaching her classes, and carrying out her duties despite the School's failure to provide promised accommodations.

155.   Defendant The Park School breached the contract by:

   a. Failing to provide the working conditions and accommodations agreed upon;

   b. Terminating Plaintiff's employment without cause;

   c. Failing to follow proper procedures for termination;

   d. Falsely characterizing Plaintiff's termination as a "voluntary resignation" when no resignation occurred.

156.   As a direct and proximate result of Defendant The Park School's breach, Plaintiff has

22

Date Filed 10/17/2025 2:57 PM
Superior Court - Norfolk
Docket Number

suffered damages including lost wages, lost future wages, benefits for the remainder of the contract term and beyond, and other consequential damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Janice Allen-Brooks respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendants on all counts;

B. Award Plaintiff compensatory damages, including but not limited to:

- Back pay and front pay;
- Lost wages and benefits;
- Lost future earning capacity;
- Retirement benefits;
- Emotional distress damages;
- Consequential damages;

C. Award Plaintiff punitive damages where permitted by law to punish Defendants' willful, wanton, and reckless conduct and to deter similar conduct in the future;

D. Award Plaintiff reasonable attorneys' fees, costs, and expenses as provided by M.G.L. c. 151B and the ADA;

E. Award Plaintiff prejudgment and post-judgment interest as provided by law;

F. Order Defendants to return all personal property belonging to Plaintiff; and

G. Grant such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,
Janice Allen-Brooks,
By her attorney,

23

Date Filed 10/17/2025 2:57 PM
Superior Court - Norfolk
Docket Number

Dated: October 15, 2025

/s/ Colin D. Creager
Colin D. Creager, BBO# 697526
McKenzie & Associates, P.C.
183 State Street, Suite 6
Boston, MA 02109
ccreager@mckenzielawpc.com
617-723-0400

## VERIFICATION OF COMPLAINT

I, the undersigned, hereby certify that I have read and reviewed the entire complaint and that the within Complaint is true and correct and omits no material facts.

Janice Allen-Brooks

10/15/2025
Date

I attest that this document is a
certified photocopy of an
original on file.

Deputy Assistant Clerk

6/18/26

24

Date Filed 10/17/2025 2:57 PM
Superior Court - Norfolk
Docket Number

eFiled 10/17/2025  Docketed 10/20/2025

2

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2582CV01159 | Massachusetts Trial Court Superior Court |
|---|---|---|
| | | COUNTY Norfolk Superior Court (Dedham) |

| Plaintiff | Janice Allen-Brooks | Defendant: | The Park School |
|---|---|---|---|
| ADDRESS: | 76 Roanoke Road | ADDRESS: | 171 Goddard Avenue |
| Mattapan, MA 02126 | | Brookline, MA 02445 | |
| | | | |
| Plaintiff Attorney: | Colin D. Creager | Defendant: | Scott Young, Individually and as Head of School |
| ADDRESS: | McKenzie & Associates, P.C. | ADDRESS: | 171 Goddard Avenue |
| 183 State Street, Suite 6 | | Brookline, MA 02445 | |
| Boston, MA 02109 | | | |
| BBO: | 697526 | | |

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Employment Discrimination | F | ☒ YES ☐ NO |

*If "Other" please describe: _____

Is there a claim under G.L. c. 93A?    Is there a class action under Mass. R. Civ. P. 23?
☐ YES  ☒ NO                           ☐ YES  ☒ NO

**STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

A. Documented medical expenses to date
  1. Total hospital expenses _____
  2. Total doctor expenses _____
  3. Total chiropractic expenses _____
  4. Total physical therapy expenses _____
  5. Total other expenses (describe below) _____

  _____

  Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date _____
C. Documented property damages to date _____
D. Reasonably anticipated future medical and hospital expenses _____
E. Reasonably anticipated lost wages _____
F. Other documented items of damages (describe below) _____

Plaintiff's damages are currently unliquidated.

TOTAL (A-F): $0.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

Plaintiff was terminated by Defendants on the basis of her disability; Defendants failed to make reasonable accommodations for Plaintiff as required by law.

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a)

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Self-Represented Plaintiff: X _Colin D. Creager_    Date: 10/16/25

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION UNDER S.J.C. RULE 1:18(5)**

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney: X _Colin D. Creager_    Date: 10/16/25

SC0001: 02/24                www.mass.gov/courts                Date/Time Printed:10-17-2025 14:37:56

I attest that this document is a certified photocopy of the original on file
Deputy Assistant Clerk
6/18/26

**COMMONWEALTH OF MASSACHUSETTS**

NORFOLK, ss.                                          **SUPERIOR COURT**
                                                     **DOCKET NO: 2582CV01159**

|                                          |     |
| ---------------------------------------- | --- |
| JANICE ALLEN BROOKS,                     | )   |
|     Plaintiff,                           | )   |
|                                          | )   |
| v.                                       | )   |
|                                          | )   |
| THE PARK SCHOOL and                      | )   |
| SCOTT YOUNG, individually and as         | )   |
| Head of School,                          | )   |
|     Defendants.                          | )   |
|                                          | )   |

**DENZIL D. McKENZIE, SUCCESSOR COUNSEL'S MOTION FOR LEAVE OF COURT TO EXTEND THE PERIOD TO SERVE THE COMPLAINT**

Denzil D. McKenzie, Successor Counsel to the Plaintiff, respectfully moves for leave of Court to extend the period to serve the Complaint, which was filed with the Court on October 20, 2025. As grounds for this Motion, McKenzie states that due to the illness of Colin D. Creager, Esq., Plaintiff's former counsel, the Complaint was not served on the Defendant.

WHEREFORE, the Successor Counsel respectfully requests that this Court allow the Plaintiff's Motion for Leave of Court to Serve the Complaint.

Respectfully submitted,
Janice Allen-Brooks,
By her attorney,

Dated: April 21, 2026

*/s/ Denzil D. McKenzie*
Denzil D. McKenzie, BBO No. 336420
McKenzie & Associates, P.C.
183 State Street, Suite 6
Boston, MA 02109
Tel: 617.778.0010
dmckenzie@mckenzielawpc.com

I attest that this document is a certified photocopy of an original on file.

Deputy Assistant Clerk
6/15/26

Allowed 04/22/26. Plaintiff shall serve and file any returns of service on or before 06/22/26.

Date Filed 4/28/2026 3:15 PM
Superior Court - Norfolk
Docket Number 2582CV01159

4

Docketed 04/28/2026

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                       SUPERIOR COURT DEPARTMENT

JANICE ALLEN-BROOKS,

    Plaintiff,

    v.                                          Civil Action No. 2582CV01159

THE PARK SCHOOL and SCOTT
YOUNG, individually and as Head of
School,

    Defendants.

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S
## MOTION FOR LEAVE TO EXTEND THE PERIOD TO SERVE THE COMPLAINT

Defendants the Park School and Scott Young hereby oppose Plaintiff Janice Allen-Brooks's Motion for Leave of Court to Extend the Period to Serve the Complaint. As explained below, Allen-Brooks has had over six months to serve her complaint and has failed to do so. Counsel provides no reason to permit more time to do so, much less "good cause" as required.

Defendants appear specially and solely for the limited purpose of opposing Allen-Brooks's motion and expressly preserve any and all objections to personal jurisdiction, insufficiency of process, and insufficiency of service of process under Mass. R. Civ. P. 12(b)(2), (4), and (5). Defendants' appearance for this limited purpose does not constitute a general appearance or submission to the jurisdiction of this Court.

## BACKGROUND

Allen-Brooks first filed these claims in the Massachusetts Commission Against Discrimination in March 2023. Her complaint in this Court was filed on October 17, 2025. Dkt. No. 1. The complaint was signed by Colin D. Creager, Esq., of McKenzie & Associates, P.C.,

Treating this opposition as a motion to reconsider — see 4/23 endorsement. Per the Court's prior file return. The Defendants' request is denied. The Plaintiff shall serve the Defendants and file the Defendants' opposition on Paper #3 — the Order.

04/29/2026

(Grant.)

Service on or before 06/22/26.

Date Filed 4/28/2026 3:15 PM
Superior Court - Norfolk
Docket Number 2582CV01159

183 State Street, Suite 6, Boston, MA 02109. *Id.* at 24. Under Mass. R. Civ. P. 4(j), service of the summons and complaint upon Defendants was required to be made within ninety days of filing, or by January 15, 2026.

Defendants were never served, nor did Allen-Brooks move to extend the time for service before the January 2026 deadline passed.

On April 21, 2026—over three months after the service period expired—Denzil D. McKenzie, Esq., filed the present motion on behalf of Allen-Brooks. Attorney McKenzie's office address is identical to that of Attorney Creager, and Attorney McKenzie appears to practice at the same firm at which Attorney Creager practices or practiced. Dkt. No. 3. The motion is unaccompanied by any affidavit. It does not describe a single attempt to serve either Defendant. It does not identify when Attorney Creager became ill, how long the illness lasted, or when Attorney McKenzie assumed responsibility for the matter. And it does not state why service could not have been arranged by another attorney at McKenzie & Associates during the ninety-day service period or in the many months thereafter.

## ARGUMENT

Mass. R. Civ. P. 4(j) provides that:

> If a service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

The Massachusetts Appeals Court has described "good cause" as "'a stringent standard requiring diligen[t]' albeit unsuccessful effort to complete service within the period prescribed by the rule," and the burden of establishing good cause is on the plaintiff. *Shuman v. The Stanley Works*,

2

Date Filed 4/28/2026 3:15 PM
Superior Court - Norfolk
Docket Number 2582CV01159

30 Mass. App. Ct. 951, 953 (1991) (quoting *Davis–Wilson v. Hilton Hotels Corp.*, 106 F.R.D. 505, 509 (E.D. La. 1985)).

Here, Allen-Brooks's motion states only that Attorney Creager became ill. Dkt. No. 3. That, alone, does not constitute good cause. Indeed, in *Shuman*, the plaintiff's counsel "became ill and entrusted the matter to another attorney who apparently also became ill . . . in the course of attempting to effect service upon [the defendant]." *Id.* at 952. Notwithstanding the illnesses of two successive attorneys, the Appeals Court affirmed dismissal of the action, holding that counsel had failed to demonstrate good cause. *Id.* at 953–954. The court emphasized that the plaintiff's counsel had waited more than sixty-five days before attempting to locate an agent to accept service, that counsel's first attempt at service was not made until eight days before the deadline, and that no extension was ever sought—all of which the court cited as "evidence of lack of diligence." *Id.* at 953. The court expressly held that "[c]ounsel's inadvertence and lack of diligence in effecting service of process exemplify what the adoption and application of rule 4(j) seek to avoid." *Id.*

Here, Allen-Brooks's counsel has waited far longer than counsel in *Shuman*—over six months since filing, compared to sixty-five days in that case—and here, the record evidence relating to the reason for that delay is even more bare. The motion is unsupported by affidavit, and it describes no effort whatsoever to serve Defendants. The simple assertion that Allen-Brooks's counsel was ill provides no factual basis upon which this Court can find that there was good cause to fail to serve the Complaint.

Moreover, while the motion styles Attorney McKenzie as "successor counsel," Dkt, No. 3, that is not the case. Attorney McKenzie is an attorney at McKenzie & Associates, P.C.—the same law firm where Mr. Creager works or worked and by which the complaint was filed.

3

*Compare* Dkt. No. 1 at 24 *with* Dkt. No. 3. A law firm, not an individual practitioner within that firm, is responsible for the timely prosecution of its clients' cases. Attorney McKenzie or one of the other attorneys at his firm was, presumably, available at some point during the ninety-day service period or over the last three months. The motion offers no explanation as to why he, or any other attorney at the firm, could not have arranged service while Mr. Creager was ill—or, at the very minimum, filed a timely motion for extension of time.

For the foregoing reasons, Defendants respectfully urge this Court to deny the motion and to dismiss this action.

> Respectfully submitted,
>
> THE PARK SCHOOL and SCOTT YOUNG, individually and as Head of School,
>
> By their attorney,
>
> /s/ *Alexandra Arnold*
> Alexandra Arnold (BBO #706208)
> CLOHERTY & STEINBERG LLP
> One Financial Center, Suite 1120
> Boston, MA 02111
> aarnold@clohertysteinberg.com
> (617) 481-0160

Dated: April 28, 2025

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served electronically on all counsel of record on April 28, 2025.

/s/ *Alexandra Arnold*
Alexandra Arnold

4

Deputy Assistant Clerk

6/18/26

(TO PLAINTIFF'S ATTORNEY:   PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER)

# COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, ss.**

SUPERIOR COURT
CIVIL ACTION

NO. 2582CV01159

Janice Allen-Brooks _____, *Plaintiff(s)*

v.

The Park School and Scott Young
individually and as Head of School, *Defendant(s)*

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Denzil D. McKenzie, plaintiff's attorney, whose address is 133 State Street Suite 6 Boston MA 02109, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS,   Michael D. Ricciuti, Esquire   , at Norfolk the 13

day of May _____, in the year of our Lord two thousand and _____

_Clerk._

NOTES:
1.  This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

Date Filed 5/26/2026 1:22 PM
Superior Court - Norfolk
Docket Number 2582CV01159



**Norfolk County Sheriff's Office**, 1255 Hancock Street, Quincy, MA 02169 / Tel. (781) 326-7271
**Norfolk, SS**

May 19, 2026

I hereby certify and return that on 5/18/2026 at 10:31 AM I served a true and attested copy of the summons, complaint and civil action cover sheet with allowed motion for leave of court to extend the period to serve complaint in this action in the following manner. To wit, by delivering in hand to Scott Young, Individually and as Head of School at 171 Goddard Avenue The Park School Brookline, MA 02445 . Attestation - 1 Copy ($5.00) Basic Service Fee ($30.00) Office Expense/Additional Postage ($5.00) Postage and Handling ($1.00) Total: $41.00

**Deputy Sheriff**

**Deputy Sheriff Ronald Goguen**

, 20 .

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
CIVIL ACTION

NORFOLK, ss.

NO. .................., *Plaintiff*

v.

.................., *Defendant*

SUMMONS
(Mass. R. Civ. P.4)

I a... t that this document is a ...d photocopy of an original on file

Deputy Assistant Clerk

6/18/26

**(TO PLAINTIFF'S ATTORNEY:  PLEASE CIRCLE TYPE OF ACTION INVOLVED:**
**TORT - MOTOR VEHICLE TORT - CONTRACT -**
**EQUITABLE RELIEF - OTHER)**

# COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, ss.**                                         SUPERIOR COURT
                                                        CIVIL ACTION
                                                        NO. 2582CV01159

                        Janice Allen Brooks _____, *Plaintiff(s)*

                                        v.

The Park School and Scott
Young, individually and as Head of School , *Defendant(s)*

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Denzil D. McKenzie, plaintiff's attorney, whose address is 183 State Street, Suite 6, Boston MA 02109, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS,  Michael D. Ricciuti, Esquire    , at Norfolk_____ the __13_____

day of __May_____, in the year of our Lord two thousand and __26_____

                                                            _____ .. *Clerk.*

NOTES:
1. This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

## PROOF OF SERVICE OF PROCESS

 **Norfolk County Sheriff's Office**, 1255 Hancock Street, Quincy, MA 02169 / Tel. (781) 326-7271
**Norfolk, SS**

May 19, 2026

I hereby certify and return that on 5/18/2026 at 10:31 AM I served a true and attested copy of the summons, complaint and civil action cover sheet with allowed motion for leave of court to extend the period to serve complaint in this action in the following manner: To wit, by delivering in hand to Scott Young, Head of School, person in charge at the time of service for The Park School, at 171 Goddard Avenue Brookline, MA 02445 . Travel ($5.76) Attestation - 1 Copy ($5.00) Basic Service Fee ($30.00) Conveyance ($3.60) Office Expense/Additional Postage ($5.00) Postage and Handling ($1.00) Total: $50.36

Deputy Sheriff

**Deputy Sheriff  Ronald Goguen**

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO.

........................, Plaintiff

v.

........................, Defendant

SUMMONS
(Mass. R. Civ. P.4)

I c__ __t that this docume__t is a c__t__ __d photocopy of an original on file

Deputy Assistant Clerk

6/18/26

Date Filed 6/8/2026 8:15 AM
Superior Court - Norfolk
Docket Number 2582CV01159

| CIVIL ACTION COVER SHEET | DOCKET NUMBER<br>2582CV01159 | Massachusetts Trial Court<br>Superior Court |
|---|---|---|
| | | **COUNTY** Norfolk Superior Court |

| Plaintiff | Janice Allen-Brooks | Defendant: | The Park School |
|---|---|---|---|
| ADDRESS: | 78 Roanoke Road | ADDRESS: | 171 Goddard Avenue |
| Mattapan, MA 02126 | | Brookline, MA 02445 | |
| | | Defendant: Scott Young, Individually and as Head of School | |
| Plaintiff Attorney: | Denzil D. McKenzie | Defendant Attorney: | |
| ADDRESS: | McKenzie & Associates, P.C. | ADDRESS: | |
| 183 State Street, Suite 6 | | | |
| Boston, MA 02109 | | | |
| BBO: | 336420 | BBO: | |

## TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Employment Discrimination | F | ☒ YES   ☐ NO |

*If "Other" please describe:

| Is there a claim under G.L. c. 93A? | Is there a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☐ YES   ☒ NO | ☐ YES   ☒ NO |

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

### TORT CLAIMS

A. Documented medical expenses to date
    1. Total hospital expenses _____
    2. Total doctor expenses _____
    3. Total chiropractic expenses _____
    4. Total physical therapy expenses _____
    5. Total other expenses (describe below) _____

| | Subtotal (1-5): | $0.00 |
|---|---|---|
| B. Documented lost wages and compensation to date | | $16,770.00 |
| C. Documented property damages to date | | |
| D. Reasonably anticipated future medical and hospital expenses | | $100,000.00 |
| E. Reasonably anticipated lost wages | | $350,370.00 |
| F. Other documented items of damages (describe below) | | $107,860.00 |

Legal fees and costs, retaliation, discrimination, emotional distress, wrongful termination, breach of contract, lost benefits, reputational harm

| TOTAL (A-F): | $575,000.00 |
|---|---|

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

Plaintiff was terminated by Defendants on the basis of her disability; Defendants failed to make reasonable accommodates for Plaintiff as required by law.

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | | Total |

*I attest that this document is a ... photocopy on ... original on file.*

Signature of Attorney/Self-Represented Plaintiff: X  *Denzil D McKenzie*  Date: 6/8/2026

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION UNDER S.J.C. RULE 1:18(5)

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney: X _____    Date: _____

SC0001: 02/24          www.mass.gov/courts          Date/Time Printed:06-01-2026 12:23:55

# CIVIL ACTION COVER SHEET INSTRUCTIONS —
## SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality †*

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

\* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

†* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡ Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party ‡

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES  ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** — On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** — If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND
## ACCURATELY, THE CASE MAY BE DISMISSED.