**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

JANICE ALLEN-BROOKS,

Plaintiff,

v.

THE PARK SCHOOL and SCOTT YOUNG, individually and as Head of School,

Defendants.

Civil Action No. 1:26-cv-12757-RGS

**DEFENDANT THE PARK SCHOOL'S ANSWER**
**AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Pursuant to Fed. R. Civ. P. 8, Defendants the Park School and Scott Young, in his official capacity as Head of School, hereby submit the following Answer and Affirmative Defenses to Plaintiff Janice-Allen's Complaint in the above-captioned action.[1]

**ANSWER**

**INTRODUCTION**

Defendants admit that Allen-Brooks was employed as a music teacher at the Park School beginning in 1989; that she has disabilities, including legal blindness due to glaucoma and a compromised immune system; and that the Park School was made aware of these conditions. Defendants deny the remaining characterizations and allegations set forth in the Introduction to the Complaint.

[1] The claims against Young in his individual capacity have been dismissed. *See* Dkts. No. 9, 13.

## PARTIES

1. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph.

2. Admitted.

3. Defendants admit that Young is an individual who served as Head of School at all times relevant to this action. The remaining allegations set forth in this Paragraph contain legal conclusions to which no response is required. To the extent that a response is required, Defendants otherwise deny the allegations set forth in this Paragraph.

## JURISDICTION AND VENUE

4. The allegations set forth in this Paragraph contain legal conclusions to which no response is required.

5. The allegations set forth in this Paragraph contain legal conclusions to which no response is required.

6. Defendants admit that Allen-Brooks filed charges with the Massachusetts Commission Against Discrimination (MCAD). Defendants deny that the MCAD issued a determination. The remaining allegations set forth in this Paragraph contain legal conclusions to which no response is required. To the extent that a response is required, Defendants otherwise deny the allegations set forth in this Paragraph.

## FACTUAL ALLEGATIONS

7. Admitted.

8. Defendants admit that Allen-Brooks taught students at the Park School for 33 years and that her work included preparation of students for music events at the school and at outside venues. Defendants are without sufficient knowledge or information to admit or deny the

specific characterizations of Allen-Brooks's teaching methods and therefore otherwise deny the allegations set forth in this Paragraph.

9. Defendants admit that Allen-Brooks prepared students for performances at a variety of venues. Defendants are without sufficient knowledge or information to admit or deny each specific characterization in this Paragraph and therefore otherwise deny the allegations set forth in this Paragraph.

10. Defendants admit that Allen-Brooks informed the Park School that she has legal blindness due to glaucoma, which affects her vision. The remaining allegations set forth in this Paragraph contain legal conclusions to which no response is required. To the extent that a response is required, Defendants otherwise deny the allegations set forth in this Paragraph.

11. Defendants admit that Allen-Brooks informed the Park School that she has a compromised immune system as a result of taking immunosuppressive medications following kidney transplant surgery.

12. The allegations set forth in this Paragraph contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in this Paragraph.

13. The allegations set forth in this Paragraph contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in this Paragraph.

14. Defendants admit that Young became Head of School in 2018 and that he was made aware of certain of Allen-Brooks's health conditions. Defendants otherwise deny the allegations set forth in this Paragraph.

15. Defendants admit that Allen-Brooks requested an adjustment of the lighting in her classroom. Defendants otherwise deny the allegations set forth in this Paragraph.

16. Denied.

17. Defendants admit that Allen-Brooks broke her wrist in or around December 2018. Defendants otherwise deny the allegations set forth in this Paragraph.

18. Defendants admit that Allen-Brooks broke her patella in or around February 2019. Defendants otherwise deny the allegations set forth in this Paragraph.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph and therefore deny the same.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph and therefore deny the same.

21. Defendants admit that on or about December 14, 2021, Allen-Brooks contacted Young regarding a return to in-person instruction. Defendants otherwise deny the allegations set forth in this Paragraph.

22. Admitted.

23. Admitted.

24. Defendants admit that Allen-Brooks came to the Park School on certain occasions between April and June 2022. Defendants deny that Young requested that Allen-Brooks come to the Park School to prepare the upper grade chorus for their Spring Concert and Graduation. Further answering, Defendants state that Allen-Brooks requested to come campus during this period, and the Park School accommodated her request.

25. Defendants admit that Young met with Allen-Brooks, Allen-Brooks's husband, and the Park School's Human Resources representative to discuss Allen-Brooks's return to in-

person teaching on June 28, 2022. Defendants deny that this meeting took place in early June 2022.

26. Admitted.

27. Defendants admit that certain accommodations were discussed and ultimately agreed upon. Specifically, the Park School agreed to (1) support Allen-Brooks's infusion needs once monthly on Tuesday; (2) require students to wear masks in her classroom; (3) place HEPA filters in Allen-Brooks's classroom; (4) hire a teaching assistant to support her while teaching; (5) provide IT training to Allen-Brooks in the classroom before the start of school; (6) remove all fall hazard items in and around her classroom; and (7) remove pre-Kindergarten from her teaching load or provide a transportation solution between buildings. Defendants otherwise deny the allegations set forth in this Paragraph.

28. Admitted.

29. Defendants admit that Young offered Allen-Brooks an early retirement package during the June 2022 meeting. Further answering, Defendants state that the retirement offer was presented as an option alongside, not instead of, the accommodations being arranged for Allen-Brooks's return. Defendants otherwise deny the allegations set forth in this Paragraph.

30. Defendants admit that Allen-Brooks declined an early retirement package in June 2022. Defendants otherwise deny the allegations set forth in this Paragraph.

31. Denied.

32. Denied.

33. Denied.

34. Defendants admit that some construction work was ongoing at the Park School around the time teachers returned in September 2022. Defendants otherwise deny the allegations set forth in this Paragraph.

35. Defendants admit that some construction work was ongoing at the Park School around the time teachers returned in September 2022. Defendants otherwise deny the allegations set forth in this Paragraph.

36. Denied.

37. Denied.

38. Defendants deny that Allen-Brooks had no assistant when students arrived. Further answering, Defendants state that the Park School ensured that Allen-Brooks had aid support from the start of school until her permanent teaching aide began his employment.

39. Denied.

40. Denied.

41. Defendants deny that Allen-Brooks was forced to change her medical schedule. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and therefore deny the same.

42. Defendants admit that the students initially complied well with the masking requirement. Defendants deny that Tina Fox gave students permission not to wear masks. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and therefore deny the same.

43. Defendants admit that at least one HEPA filter was placed in Plaintiff's classroom. Defendants otherwise deny the allegations set forth in this Paragraph.

44. Denied.

45. Denied.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and therefore deny the same.

47. Defendants admit that the handicapped spaces in front of the school were removed due to fire code requirements. Defendants otherwise deny the allegations set forth in this Paragraph.

48. Denied.

49. Denied.

50. Defendants admit that the stairs leading to the theater stage have no railings due to technical limitations in the building, which was constructed in 1971. Defendants otherwise deny the allegations set forth in this Paragraph.

51. Defendants admit that Steve Kellogg fell down the theater stairs. Defendants deny that Allen-Brooks had no safe means of accessing the stage. Further answering, Defendants state that on the occasions when Allen-Brooks wanted to access the stage, the Park School arranged for her to be escorted up and down the stairs. Defendants otherwise deny the allegations set forth in this Paragraph.

52. Defendants admit that Allen-Brooks raised concerns about the stage stairs. Defendants otherwise deny the allegations set forth in this Paragraph.

53. Denied.

54. Denied. Further answering, Defendants state that the Park School was working interactively with Allen-Brooks to develop a plan adapted to her visual disability.

55. Defendants admit that Allen-Brooks raised a concern regarding fire drill planning after the first practice drill. Defendants otherwise deny the allegations set forth in this Paragraph.

56. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and therefore deny the same.

57. Defendants admit that Defendant Young and Tina Fox asked Allen-Brooks to assist in interviewing I.O. for a teaching assistant position during the summer of 2022.[2] Defendants otherwise deny the allegations set forth in this Paragraph.

58. Admitted.

59. Defendants admit that Allen-Brooks expressed concern that I.O. was not a good singer. Further answering, Defendants state that I.O. was being hired to assist Allen-Brooks with classroom management, not as a music teacher. Defendants otherwise deny the allegations set forth in this Paragraph.

60. Defendants admit that I.O. was hired during the second week of the 2022-2023 school year. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and therefore deny the same.

61. Defendants admit that, after approximately one week of working together, issues arose between Allen-Brooks and I.O. Defendants otherwise deny the allegations set forth in this Paragraph.

---

[2] Defendants to the teaching assistant by his initials, I.O., rather than his full name, out of respect for his privacy interests.

62. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and therefore deny the same.

63. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and therefore deny the same.

64. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and therefore deny the same.

65. Defendants admit that, on one occasion, I.O. removed his mask in Allen-Brooks's classroom because he was out of breath after moving chairs. Further answering, Defendants state that this instance of I.O. removing his mask was addressed by the Park School, and I.O. agreed to leave the classroom if he were to be out of breath again. Defendants otherwise deny the allegations set forth in this Paragraph.

66. Denied.

67. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and therefore deny the same.

68. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and therefore deny the same. Further answering, Defendants state that neither Allen-Brooks nor anybody else at the Park School ever reported that I.O. had lost consciousness in her classroom.

69. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and therefore deny the same.

70. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and therefore deny the same.

71. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and therefore deny the same.

72. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and therefore deny the same.

73. Denied. Further answering, Defendants state that the Park School arranged for observation of I.O. and Allen-Brooks in the classroom in order to assess any risk and address Allen-Brooks's concerns. Defendants state that several such observations took place and did not suggest any risk posed by I.O.

74. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and therefore deny the same.

75. Defendants admit that Allen-Brooks frequently complained about I.O., including referencing his sexual orientation and national origin in an inappropriate way. Defendants otherwise deny the allegations set forth in this Paragraph.

76. Defendants admit that Allen-Brooks frequently complained about I.O., including referencing his sexual orientation and national origin in an inappropriate way. Defendants otherwise deny the allegations set forth in this Paragraph.

77. Denied.

78. Defendants admit that Young decided to arrange for observation of I.O. and Allen-Brooks in the classroom in order to assess any risk and address Allen-Brooks's concerns. Further answering, Defendants state that several such observations took place and did not suggest any risk posed by I.O. Defendants otherwise deny the allegations set forth in this Paragraph.

79. Defendants deny Allen-Brooks's allegation that a "dangerous situation existed. Defendants admit that Allen-Brooks's husband stayed at school with her. Further answering, Defendants state that the Park School informed Allen-Brooks that her husband could not stay in the building and that, during those conversations, Allen-Brooks never suggested that his presence in the building was linked to safety concerns. Defendants otherwise deny the allegations set forth in this Paragraph.

80. Admitted.

81. Denied.

82. Denied.

83. Admitted.

84. Defendants admit that Allen-Brooks complained about I.O. during this meeting. Defendants otherwise deny the allegations set forth in this Paragraph.

85. Defendants admit that I.O. had been hired to assist Allen-Brooks with classroom management. Defendants otherwise deny the allegations set forth in this Paragraph.

86. Defendants admit that Allen-Brooks complained about I.O. during this meeting and asked that he be reassigned. Defendants otherwise deny the allegations set forth in this Paragraph.

87. Defendants admit that Young agreed to speak with I.O. following the meeting. Defendants otherwise deny the allegations set forth in this Paragraph.

88. Admitted.

89. Defendants admit that, following Allen-Brooks's voluntary retirement, effective October 24, 2022, her access to her Park School email address was deactivated, pursuant to Park School policy. Defendants otherwise deny the allegations set forth in this Paragraph.

90. Defendants admit that, following Allen-Brooks's voluntary retirement, effective October 24, 2022, her Park School key fob was deactivated, pursuant to Park School policy. Defendants otherwise deny the allegations set forth in this Paragraph.

91. Defendants admit that Allen-Brooks voluntarily retired on October 24, 2022. Defendants otherwise deny the allegations set forth in this Paragraph.

92. Denied.

93. Denied.

94. Defendants admit that, following Allen-Brooks's voluntary retirement, effective October 24, 2022, she filed charges with the EEOC and MCAD. Defendants otherwise deny the allegations set forth in this Paragraph.

95. Defendants admit that Allen-Brooks's Charge was transferred from the EEOC to the MCAD in or around December 2023. Defendants otherwise deny the allegations set forth in this Paragraph.

96. Defendants deny that the MCAD issued a determination. Further answering, Defendants state that the MCAD matter remains pending. The remaining allegations set forth in this Paragraph contain legal conclusions to which no response is required. To the extent that a response is required, Defendants otherwise deny the allegations set forth in this Paragraph.

97. Defendants are without sufficient knowledge or information to admit or deny the DUA's findings or reasoning, and therefore deny the same. Further answering, Defendants state that, pursuant to Mass. Gen. Laws ch. 151A, § 46(a), information secured through the unemployment insurance system, including DUA determinations and the findings underlying them, are "not admissible in any action or proceeding." Defendants otherwise deny the allegations set forth in this Paragraph.

98. Defendants are without sufficient knowledge or information to admit or deny the DUA's findings or reasoning, and therefore deny the same. Further answering, Defendants state that, pursuant to Mass. Gen. Laws ch. 151A, § 46(a), information secured through the unemployment insurance system, including DUA determinations and the findings underlying them, are "not admissible in any action or proceeding." Defendants otherwise deny the allegations set forth in this Paragraph.

99. Defendants are without sufficient knowledge or information to admit or deny the DUA's findings or reasoning, and therefore deny the same. Further answering, Defendants state that, pursuant to Mass. Gen. Laws ch. 151A, § 46(a), information secured through the unemployment insurance system, including DUA determinations and the findings underlying them, are "not admissible in any action or proceeding." Defendants otherwise deny the allegations set forth in this Paragraph.

100. Denied.

101. Denied.

**COUNT I**

102. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed as to Young in his individual capacity, and Young does not respond to this paragraph in that capacity. Defendants incorporate by reference their responses to all of the foregoing paragraphs as if fully set forth herein.

103. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed as to Young in his individual capacity, and Young does not respond to this paragraph in that capacity. The allegations set forth in this Paragraph contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in this Paragraph.

104. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed as to Young in his individual capacity, and Young does not respond to this paragraph in that capacity. The allegations set forth in this Paragraph contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in this Paragraph.

105. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed as to Young in his individual capacity, and Young does not respond to this paragraph in that capacity. The allegations set forth in this Paragraph contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in this Paragraph.

106. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed as to Young in his individual capacity, and Young does not respond to this paragraph in that capacity. The allegations set forth in this Paragraph contain legal conclusions to which no response is

required. To the extent that a response is required, Defendants deny the allegations set forth in this Paragraph.

107. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed as to Young in his individual capacity, and Young does not respond to this paragraph in that capacity. The allegations set forth in this Paragraph contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in this Paragraph.

**COUNT II**

108. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed as to Young in his individual capacity, and Young does not respond to this paragraph in that capacity. Defendants incorporate by reference their responses to all of the foregoing paragraphs as if fully set forth herein.

109. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed as to Young in his individual capacity, and Young does not respond to this paragraph in that capacity. Defendants admit that certain accommodations were discussed and ultimately agreed upon. Specifically, the Park School agreed to (1) support Allen-Brooks's infusion needs once monthly on Tuesday; (2) require students to wear masks in her classroom; (3) place HEPA filters in Allen-Brooks's classroom; (4) hire a teaching assistant to support her while teaching; (5) provide IT training to Allen-Brooks in the classroom before the start of school; (6) remove all fall hazard items in and around her classroom; and (7) remove pre-Kindergarten from her teaching load or provide a transportation solution between buildings. Defendants otherwise deny the allegations set forth in this Paragraph.

110. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed as to Young in his individual capacity, and Young does not respond to this paragraph in that capacity.

The allegations set forth in this Paragraph contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in this Paragraph.

111. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed as to Young in his individual capacity, and Young does not respond to this paragraph in that capacity. The allegations set forth in this Paragraph contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in this Paragraph.

112. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed as to Young in his individual capacity, and Young does not respond to this paragraph in that capacity. The allegations set forth in this Paragraph contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in this Paragraph.

113. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed as to Young in his individual capacity, and Young does not respond to this paragraph in that capacity. The allegations set forth in this Paragraph contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in this Paragraph.

114. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed as to Young in his individual capacity, and Young does not respond to this paragraph in that capacity. The allegations set forth in this Paragraph contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in this Paragraph.

**COUNT III**

115. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed in its entirety. No response is required.

116. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed in its entirety. No response is required.

117. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed in its entirety. No response is required.

118. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed in its entirety. No response is required.

119. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed in its entirety. No response is required.

120. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed in its entirety. No response is required.

**COUNT IV**

121. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed as to Young in his individual capacity, and Young does not respond to this paragraph in that capacity. Defendants incorporate by reference their responses to all of the foregoing paragraphs as if fully set forth herein.

122. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed as to Young in his individual capacity, and Young does not respond to this paragraph in that capacity. The allegations set forth in this Paragraph contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in this Paragraph.

123. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed as to Young in his individual capacity, and Young does not respond to this paragraph in that capacity. The allegations set forth in this Paragraph contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in this Paragraph.

124. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed as to Young in his individual capacity, and Young does not respond to this paragraph in that capacity. The allegations set forth in this Paragraph contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in this Paragraph.

125. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed as to Young in his individual capacity, and Young does not respond to this paragraph in that capacity. The allegations set forth in this Paragraph contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in this Paragraph.

126. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed as to Young in his individual capacity, and Young does not respond to this paragraph in that capacity. The allegations set forth in this Paragraph contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in this Paragraph.

127. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed as to Young in his individual capacity, and Young does not respond to this paragraph in that capacity. The allegations set forth in this Paragraph contain legal conclusions to which no response is

required. To the extent that a response is required, Defendants deny the allegations set forth in this Paragraph.

128. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed as to Young in his individual capacity, and Young does not respond to this paragraph in that capacity. The allegations set forth in this Paragraph contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in this Paragraph.

**COUNT V**

129. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed as to Young in his individual capacity, and Young does not respond to this paragraph in that capacity. Defendants incorporate by reference their responses to all of the foregoing paragraphs as if fully set forth herein.

130. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed as to Young in his individual capacity, and Young does not respond to this paragraph in that capacity. The allegations set forth in this Paragraph contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in this Paragraph.

131. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed as to Young in his individual capacity, and Young does not respond to this paragraph in that capacity. The allegations set forth in this Paragraph contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in this Paragraph.

132. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed as to Young in his individual capacity, and Young does not respond to this paragraph in that capacity.

The allegations set forth in this Paragraph contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in this Paragraph.

133. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed as to Young in his individual capacity, and Young does not respond to this paragraph in that capacity. The allegations set forth in this Paragraph contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in this Paragraph.

134. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed as to Young in his individual capacity, and Young does not respond to this paragraph in that capacity. The allegations set forth in this Paragraph contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in this Paragraph.

**COUNT VI**

135. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed in its entirety. No response is required.

136. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed in its entirety. No response is required.

137. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed in its entirety. No response is required.

138. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed in its entirety. No response is required.

139. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed in its entirety. No response is required.

**COUNT VII**

140. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed in its entirety. No response is required.

141. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed in its entirety. No response is required.

142. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed in its entirety. No response is required.

143. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed in its entirety. No response is required.

144. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed in its entirety. No response is required.

**COUNT VIII**

145. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed in its entirety. No response is required.

146. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed in its entirety. No response is required.

147. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed in its entirety. No response is required.

148. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed in its entirety. No response is required.

149. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed in its entirety. No response is required.

150. Pursuant to the Court's Order dated July 16, 2026, this Count was dismissed in its entirety. No response is required.

**COUNT IX**

151. Defendants incorporate by reference their responses to all of the foregoing paragraphs as if fully set forth herein.

152. Admitted.

153. Admitted.

154. The allegations set forth in this Paragraph contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in this Paragraph.

155. The allegations set forth in this Paragraph contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in this Paragraph.

156. The allegations set forth in this Paragraph contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in this Paragraph.

**PRAYER FOR RELIEF**

Defendants deny that Allen-Brooks is entitled to judgment on any count, including the counts remaining after partial dismissal. Defendants deny that Allen-Brooks is entitled to any of the relief requested in subparagraphs A through G.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

The Complaint fails to state any claim upon which relief can be granted.

**Second Affirmative Defense**

Allen-Brooks's claims against Defendants are barred, in whole or in part, because her employment ended as a result of her own voluntary decision to retire, not as a result of any discharge, discrimination, or retaliation by Defendants.

**Third Affirmative Defense**

Allen-Brooks's claims against Defendants are barred, in whole or in part, because Defendants provided Allen-Brooks with reasonable accommodations for her disabilities.

**Fourth Affirmative Defense**

Allen-Brooks's claims against Defendants are barred, in whole or in part, because Defendants engaged in a timely, good-faith interactive process with Allen-Brooks regarding her requested accommodations.

**Fifth Affirmative Defense**

Allen-Brooks's claims against Defendants are barred, in whole or in part, because all actions taken by Defendants with respect to Allen-Brooks's employment were undertaken for legitimate, non-discriminatory, and non-retaliatory business reasons unrelated to Allen-Brooks's disabilities or protected activity.

**Sixth Affirmative Defense**

Allen-Brooks's claims against Defendants are barred, in whole or in part, because Allen-Brooks cannot establish any causal connection between any protected activity or disability and any alleged adverse action.

**Seventh Affirmative Defense**

Allen-Brooks's claims against Defendants are barred, in whole or in part, because Defendants did not cause any of Allen-Brooks's alleged harm.

**Eighth Affirmative Defense**

Allen-Brooks's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, and/or unclean hands.

**Ninth Affirmative Defense**

Allen-Brooks's claims are barred, in whole or in part, to the extent she failed to mitigate her damages.

**Tenth Affirmative Defense**

Allen-Brooks's claims are barred, in whole or in part, because Allen-Brooks's own conduct played a role in creating her damages.

**Eleventh Affirmative Defense**

Allen-Brooks's claims are barred, in whole or in part, to the extent she failed to timely and properly exhaust her administrative remedies.

**JURY DEMAND**

The Park School hereby demands a trial by jury on all claims and issues so triable.

Respectfully submitted,

*/s/ Alexandra Arnold*

Alexandra Arnold (BBO #706208)
aarnold@clohertysteinberg.com
Victoria L. Steinberg (BBO #666482)
vsteinberg@clohertysteinberg.com
CLOHERTY & STEINBERG LLP
One Financial Center, Suite 1120
Boston, MA 02111
617-481-0160

Dated: August 19, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants, as identified on the Notice of Electronic Filing, on August 19, 2026.

*/s/ Alexandra Arnold*
Alexandra Arnold